ADDIE LEE HERRICK v. THE CITY OF BIG RAPIDS.

*Assessment of legacies.*

1. A legatee cannot, in Michigan, be assessed for a legacy not yet due and still in the hands of executors; all undistributed estate must be assessed to the executor. Act 9 of 1882, sec. 11.

2. When the assessment of a particular class of property is clearly identified and separable, the question of the liability of such property to the assessment can be raised in an action to recover back the amount of the tax after paying it under protest.

Error to Mecosta. (Fuller, J.) April 23.—April 30.

ASSUMPSIT. Defendant brings error. Affirmed.

*Frederick A. Mann* and *Frank Dumon* for appellant.

*Roger W. Butterfield* for appellee. Property in the hands of a trustee under a will should be assessed to him : Cooley on Taxation 271 ; *State v. Matthews* 10 Ohio St. 431 ; when the property comes into the possession of the heir or legatee, it must be taxed to her in the place where she resides : *Cornwall v. Todd* 38 Conn. 443 ; personalty is assessed to the executor or administrator until distribution : *Hardy v. Garmouth* 6 Allen 277 ; *Hathaway v. Fish* 13 Allen 267 ; a municipal tax, illegally collected, can be recovered : *Preston v. Boston* 12 Pick. 7 ; *Hagenbuch v. Howard* 34 Mich. 1 ; *Grand Rapids v. Blakely* 40 Mich. 367 ; *Byles v. Golden Township* 52 Mich. 612 ; *Louden v. East Saginaw* 41 Mich. 25 ; *Wattles v. Lapeer* 40 Mich. 626 ; *Boston and Sandwich*

*Glass Co. v. Boston* 4 Met. 181; *Atwell v. Zeluff* 26 Mich. 118; *Erskine v. Van Arsdale* 15 Wall. 75; *Nickodemus v. East Saginaw* 25 Mich. 459; *First National Bank of Sturgis v. Watkins* 21 Mich. 490.

CAMPBELL, J.   The only question which is presented by the record in this case is whether it is competent to assess a legatee for a legacy not yet due, and still in the hands of executors.   As this was the only thing assessed, we think there is no legal objection to reaching the rights of the parties as asserted by the payment under protest.   It has been decided in several cases that the liability to taxation of certain classes of property, when clearly identified and separable, is examinable.   Under our statutes the property of a testate estate is required to be assessed at the last residence of the decedent, to the executors.   The decedent resided in the same ward where this assessment was made, and his estate was assessed there.   The statute is express that the whole undistributed estate shall be assessed to the executors.   Section 11. [1 How. Stat. p. 1267.]   Under such a distinct and positive provision a legatee could not be required to assume that any part of the estate would be assessed to her, when she could not realize it, or obtain control over it.

We think the conclusions of the court below were correct, and that the judgment should be affirmed.

The other Justices concurred.