MARY E. ALFORD v. EDWARD B. VINCENT.

*Assault—Reputation—Expert's fees—Damages.*

1. Where a person charged with assault has been allowed to show that his reputation is that of a peaceable and law-abiding citizen, he cannot complain that he has not been allowed to prove by his neighbors that it was not that of a man who would be likely to commit such an assault.

2. It may be shown on cross-examination of an expert that he was paid $25 for his attendance; but it would also be proper for the court to charge that there was nothing discreditable in the fact.

3. A declaration for assault set out circumstances of special injury, but did not claim special damages. The judge charged that exemplary damages might be awarded. *Held*, that though the phrase was liable to mislead, there was no reason to think the jury were misled where the context of the charge showed that they were not left to give damages at discretion but only in view of the willfulness and malice of defendant's act, the actual damages from which could not be accurately computed.

Error to Kalamazoo.   (Mills, J.)   April 23.—April 30.

CASE.   Defendant brings error.   Affirmed.

*Volney H. Lockwood* for appellant.

*Howard & Roos* for appellee.

COOLEY, C. J.   Action for an aggravated assault.   The plaintiff recovered a judgment for five hundred dollars.   A number of errors have been ingeniously assigned and argued, the most of them on questions of the admission of evidence, but they generally relate to matters within the discretion of the court and do not require particular notice.   A few may be mentioned.

Defendant offered to prove by his neighbors that his reputation was that of a man who would not be likely to commit such an assault as was set up.   The court declined to receive the evidence, but allowed him to prove that his reputation was that of a peaceable and law-abiding citizen.   No reasonable complaint can be made by defendant to this ruling.

Defendant put a physician on the stand as an expert witness, and on cross-examination plaintiff was permitted to show that the witness was paid twenty-five dollars for his attendance in his character of an expert.   This was excepted to but we think was admissible.   Nevertheless as there was nothing in it discreditable either to the party or the witness, it would have been very proper for the court, on request, or even without request, to have said so to the jury when giving his general charge.

Complaint is also made that the court allowed the jury to give exemplary damages, though special damages are not claimed in the declaration. The declaration sets out an aggravated assault with circumstances of special injury, including a miscarriage. The estimate of damages must necessarily be very much at large in such a case. The judge told the jury exemplary damages might be given. The phrase is an unfortunate one and liable to mislead, as was pointed out in *Stilson v. Gibbs* [ante, p. 280], at the last term; but in this case the context shows that the judge was not leaving the jury to give damages at discretion; but only in view of the willfulness and malice of defendant's act, the actual damages from which could not be accurately computed. We have no reason to think the jury were misled.

The judgment will be affirmed.

The other Justices concurred.