SUMNER BARSTOW v. THE CITY OF BIG RAPIDS.

*Assessment of guardian on ward's legacy.*

The assessment of a guardian upon an undistributed legacy to his minor ward is invalid in Michigan (Act 9 of 1882, sec. 11); and the guardian's previous acquiescence in the assessment as a member of the Board of Review cannot bind the ward.

Error to Mecosta. (Fuller, J.) Jan. 14.—Jan 21.

ASSUMPSIT. Plaintiff brings error. Reversed.

*Roger W. Butterfield* for appellant.

*Frank Dumon* and *Frederick A. Mann* for appellee, cited as to estoppel against complaining of illegality of tax after acquiescing in it officially, *Pease v. Whitney* 8 Mass. 93; *Burlington v. Gilbert* 31 Ia. 356 : 7 Am. Rep. 143; *Bidwell v. Pittsburgh* 85 Penn. St. 412 : 27 Am. Rep. 602; *Motz v. Detroit* 18 Mich. 528; *Wood v. Norwood* 52 Mich. 32 ; *Truesdail v. Ward* 24 Mich. 117; *Vanneter v. Crossman* 42 Mich. 465.

CHAMPLIN, J. The facts in this case are the same as those before us in the case of *Herrick v. Big Rapids* 53 Mich. 554, in which the opinion was filed on the thirtieth of April last, with but two exceptions : *first*, Barstow was the guardian of John T. Herrick and Marcus E. Herrick, who are legatees under the same will of John T. Brown, deceased, which legacy was in the same situation as was that of the plaintiff in the former case ; and *second*, Barstow was a member of the board of review of the city of Big Rapids, and when the assessment

rolls were before the board he made no objection to the assessment of the legacies to him as guardian.

The tax was paid by Barstow under protest, and this suit brought to recover it back. When the supervisor of the ward in which Mr. Barstow lived called upon him when making his assessment, he inquired of Mr. Barstow for a statement of the property in his hands as guardian of said minors, and was informed by him that he had no property at that time belonging to said wards; nevertheless the supervisor assessed him for the amount of the unpaid legacies then in the hands of the executors.

The case of *Herrick v. Big Rapids* is decisive of this. There is no merit in the point that the plaintiff was a member of the board of review. His failure to object to the assessment as illegal cannot be allowed to operate to the prejudice of his infant wards, and neither they nor their estate are bound thereby.

The judgment must be reversed, with costs of both courts, and a judgment entered here for $492.96 and interest at seven per cent. from January 27, 1883.

The other Justices concurred.