DARIUS N. AVERY, EXECUTOR, ETC., v. HARRY F. DEWITT.

*Taxes—Assessment—Personal property of deceased persons—Forest products.*

1. Prior to notice of distribution, logs and lumber, belonging to the estate of a deceased person, in the hands of the executor, are assessable to such executor in the town in which the deceased last dwelt.

     So *held*, where the last place of residence of the deceased was in the city of Detroit, and the lumber was piled upon a dock in the village of Lakeside, Muskegon county, Michigan, and the logs were in a boom in said village awaiting manufacture, in which village the property was assessed.

2. The intent of the Legislature, in framing the tax law of 1885, was that all forest products should be assessed where the same may be, except that, where such property is in transit to some place within the State, it shall be assessed at such place, and that all goods and chattels situate in some township other than where the owner resides shall be assessed in the town where situate, if the owner or person having control thereof hires or occupies a store, shop, mill, dock-yard, etc., for use in connection with such goods and chattels, excepting, however, that personal property belonging to the estates of deceased persons, in the hands of executors and administrators, shall be assessed

to them in the town where the deceased last dwelt, until they shall give notice that the estate has been distributed to the parties interested.

Error to Muskegon. (Dickerman, J.) Submitted on briefs June 29, 1888. Decided October 19, 1888.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin,* for appellant.

*J. E. Sullivan (F. W. Cook,* of counsel), for defendant.

[The points of counsel are fully stated in the opinion.—REPORTER.]

LONG, J. This is an action of replevin for a quantity of lumber, brought in the circuit court for the county of Muskegon.

The defendant was the marshal of the village of Lakeside, in the county of Muskegon, and had the tax roll of said village, with the proper warrant annexed thereto, for the collection of taxes in said village for the year 1887. After demand and refusal of the taxes assessed upon said roll against the plaintiff for a personal tax, he, by virtue of said tax roll, seized the property in controversy in this case to satisfy the same.

The plaintiff is the executor of the last will and testament of George Fuller, deceased, whose last place of residence was in the city of Detroit, this State. George Fuller's estate had not yet been distributed at the time of the assessment, and no notice had ever been given that the estate had been distributed to the parties interested. The plaintiff also resided in the city of Detroit.

The property assessed was personal, and consisted in part of logs lying in the boom of A. S. Montgomery &

Co., in said village, to be manufactured on a contract with A. S. Montgomery & Co., and the remainder, of lumber piled upon the dock of A. S. Montgomery & Co. in said village. All the property was situated in the village of Lakeside at the time the assessment was made, which was in the time required by law, and none of the property was in transit.

All the proceedings for the assessment of the property and the levy of the tax were regular, and in due form of law.

The property was assessed at the sum of $38,000, by the assessing officer, against the plaintiff.

The plaintiff appeared before the board of review, and was heard upon the question of the assessment. The record of the board of review shows the following proceedings:

"D. N. Avery appeared, and made statement that he owned no property liable to assessment in the village of Lakeside, but that he was the executor of the estate of George Fuller, deceased, to whom said property belonged. Said property was reduced from $38,000 to $19,750."

The change upon the assessment roll from Avery, D. N., to Avery, D. N., executor of the estate of George Fuller, deceased, was made upon the statement of Avery that if the property was assessable at Lakeside, which he denied, it should be assessed against him as the executor of the estate of George Fuller, deceased, and he asked that such change be made, and it was so made, and the amount reduced to $19,750.

The tax sought to be collected, including marshal's fees of 4 per cent., amounted to $328.08, and at the close of the trial, under the direction of the court, the jury returned a verdict against plaintiff for that sum. Judgment was thereupon entered in favor of defendant.

Plaintiff brings the case to this Court by writ of error.

The plaintiff's claim is that the village had no jurisdiction to make the assessment, but that the same is controlled by section 10, and subdivision six of section 11, of the tax law of 1885.

The defendant's claim is that it is controlled by section 10, and subdivision one of section 11, of the tax law of 1885 (Act No. 153, Laws of 1885). Section 10 reads:

"All personal property, except as hereinafter provided, shall be assessed to the owner in the township of which he is an inhabitant, on the second Monday of April of the year for which the assessment is made."

Section 11 reads:

" The excepted cases referred to in the preceding section are as follows, viz.:

" 1. All goods and chattels situate in some township other than where the owner resides shall be assessed in the town where situate, and not elsewhere, if the owner or person having control thereof hires or occupies a store, mill, dock-yard, piling ground, place for sale of property, shop, office, mine, farm, storage, manufactory, or warehouse therein, for use in connection, with such goods and chattels: *Provided,* That the procuring any such property to be manufactured upon contract shall be deemed to hire a mill or manufactory within the meaning of this section."

" 4. Personal property of non-residents of the State, and all forest products owned by residents or non-residents, shall be assessed to the owner or to the person having control thereof in the township or ward where the same may be, except that, where such property is in transit to some place within the State, it shall be assessed in such place: *Provided,* all forest products in transit on the second Monday of April, and thereafter found in the waters or streams of this State, shall be held to have a place of destination at the sorting grounds of the rafting and driving agents or booming company nearest the mouth of such stream, unless the contrary shall be made to appear by the owner or party having the same in charge. *Provided, further,* That all lumber, logs, timber, * * * that may be piled or left in any yard, * * * shall not be deemed in transit, but shall be assessed to the owner thereof in the township or ward where the same

may be situate at the time provided for by law for taking, any assessment."

" 6. The personal property belonging to the estates of deceased persons, in the hands of executors or administrators, shall be assessed to them in the town where the deceased last dwelt, until they shall give notice that the estate has been distributed to the parties interested. If such deceased was a non-resident of the State, such property shall be assessed in the town. where situated, to such executors, administrators, or to the person in possession."

Subdivision six of section 11 above cited stood as subdivision seven of section 8 in the tax law of 1838 in substantially the same form, and has been continued in the tax laws of this State through all of their changes and modifications since that time, and has several times been construed by this Court. As it stood in 1838 it read:

" SEC. 8. The excepted cases mentioned in the preceding . section are the following, viz.:

" *Seventh,* The personal estate of deceased persons which shall be in the hands of their executors or administrators, and not distributed, shall be assessed to the executors and administrators in the township where the deceased person last dwelt, until they shall give notice to the assessors that the estate has been distributed and paid over to the parties interested therein."

And the only material addition or change that has been made to such subdivision is found in the act of 1885, above cited, which reads:

" If such deceased was a non-resident of the State, such property shall be assessed in the town where situated, to such executors, administrators, or to the person in possession."

At the time this change was made in subdivision six of section 11, and by the same act, the first subdivision of the same section was also changed to read as above cited.

As subdivision one stood prior to that time, it provided . substantially that—

"All goods, wares, and merchandise, or any stock in trade, including stock employed in the business of the mechanic arts, in townships within the State other than where the owners reside, shall be taxed in those townships, if the owners hire or occupy stores, mills, shops, or warehouses therein, and shall not be taxable where the owners reside."

Subdivision four is substantially a new provision introduced into the tax law by the act of 1885.

It is contended by counsel for defendant that subdivision six is repealed by necessary implication by the amendment of subdivision four in the act of 1885, so far as this class of property is concerned, viz., forest products.

We cannot accede to this view. There is no good reason why all these subdivisions cannot stand, and we think it was the intent of the Legislature, in framing the act of 1885, that all forest products should be assessed where the same may be, except that, where such property is in transit to some place within the State, it shall be assessed in such place, and that all goods and chattels situate in some township other than where the owner resides shall be assessed in the town where situate, and not elsewhere, if the owner or person having control thereof hires or occupies a store, shop, mill, dock-yard, etc., for use in connection with such goods and chattels, excepting, however, that personal property belonging to the estate of deceased persons, in the hands of executors and administrators, shall be assessed to them in the town where the deceased last dwelt, until they shall give notice that the estate has been distributed to the parties interested.

Some changes were made in these subdivisions by Act No. 254, Laws of 1887. This act took effect on September 25, 1887, and cannot affect the controversy here. But the Legislature again amended subdivision six by Act 254 to read:

"The personal property belonging to the estates of

deceased persons, in the hands of executors and adminis-
trators, shall be assessed to them in the town *and in the
school-district* where the deceased last dwelt, until they
shall give notice that the estate has been distributed to
the parties interested."

This clearly shows, however, that the Legislature
thought the law of 1885 did not subject personal estates
of deceased persons to be assessed other than as provided
in subdivision six, § 11, of the law of 1885.

In *Herrick v. City of Big Rapids,* 53 Mich. 555 (19 N.
W. Rep. 182), the question was whether it was compe-
tent to assess a legatee for a legacy not yet due, and still
in the hands of the executors; and this Court said:

" Under our statutes the property of a testate estate is
required to be assessed at the last residence of the decedent,
to the executors.     *     *     *     The statute is express that
the whole undistributed estate shall be assessed to the
executors."

The same doctrine was also held in *Barstow v. City of
Big Rapids,* 56 Mich. 35 (22 N. W. Rep. 103).

In *Hardy v. Inhabitants, etc.,* 6 Allen, 281, the court,
speaking of a similar statute in Massachusetts, says:

" The personal estate of deceased persons shall be
assessed in the town where the deceased person last dwelt,
until the executors shall give notice to the assessors that
the estate has been distributed and paid over to the parties
interested therein."

Counsel for plaintiff raise another question in their
brief, and insist that it must be conclusive of this case,
viz.: Is property held by an executor, as in this case, if
otherwise correctly assessed, his (the executor's) property,
within the meaning of those sections of the statute? And,
if not, can it be levied upon and sold by the officer?
Should not the officer have charge and control of the tax
roll and warrant for the collection of the tax make his
demand in probate court, the same as any other creditor
against the estate?

We need not consider or discuss this question. From the view we take of the case, under the facts admitted, the property was not assessable in the village of Lakeside, and the officer had no right to levy upon or take into his possession the property in controversy. It was only assessable in the town where the deceased last dwelt, and from the conceded facts this was in the city of Detroit. It follows that the judgment of the court below must be reversed, with costs, and a new trial ordered.

The other Justices concurred.