THE STATE, ELIJAH N. DILTS, PROSECUTOR, v. JAMES D. TAYLOR, JUSTICE, &c.

By virtue of an order of an Orphans' Court an administrator sold land of his intestate free from the dower of the widow, and invested a specified part of the proceeds of sale in a mortgage made to him as administrator. The order directed him to pay the interest of the investment to the widow during her life. *Held* that, if the mortgagor claimed deduction, the mortgage was taxable to the administrator, who, upon payment of the tax, could deduct the same from the interest payable to the widow.

The *certiorari* in this case has brought up an assessment of taxes upon prosecutor, made by the assessor of the borough of Washington for 1893.

The property assessed was thus described in the duplicate : "Mortgage in trust for Mrs. Anna Dilts on house and lot * * * situate * * * in the borough of Washington. Amount of mortgage, $1,584."

By the agreement of the attorneys it appears that the mortgage thus assessed to prosecutor was dated August 6th, 1892,

and made to him as administrator of Nathan Dilts, deceased, to secure a bond for the payment of $1,584, at the death of Anna, widow of Nathan Dilts, with interest thereon at six per cent., "payable semi-annually to the said Anna Dilts during her life."

It also appeared that prosecutor, as such administrator, had sold the real estate of his intestate, under the order of the Orphans' Court, free from the widow's dower, and had been ordered to invest on bond and mortgage $1,584 of the proceeds of sale, and to pay the interest thereon semi-annually to the widow during her life, and at her death to pay the principal sum as the said court should direct. The investment was made in the mortgage assessed.

The mortgagor had claimed and been allowed a deduction from his assessment for the principal of said mortgage.

Argued at June Term, 1894, before Justices MAGIE and GARRISON.

For the prosecutor, *Oscar Jeffery.*

For the defendant, *William H. Morrow.*

The opinion of the court was delivered by

MAGIE, J. If this mortgage is assessable to prosecutor, it is because it is personal property in his possession or under his control as an administrator (*Rev.*, p. 1153, § 7), or in some other representative or fiduciary capacity (*Pamph. L.* 1891, p. 193, § 7). An assessment of such property is to be made to the person in possession of it or under whose control it is, with the addition to his name of his representative character. *Rev.*, p. 1155, § 11; *Pamph. L.* 1891, p. 193, § 7.

The assessment in this case is erroneous in form, because it is made to prosecutor without the addition required. But such an error would not justify setting aside the assessment (*Vail's Executors* v. *Runyon*, 12 *Vroom* 98), and under the

present law the assessment can be and should be amended if the court deem the mortgage to be assessable and liable to taxation. *Rev. Sup., p.* 602, § 487.

When and how mortgages made to persons having no beneficial interest in them, to secure a fund the interest of which is payable to a widow or other person for life, and which, at the death of the person having the life interest, is to be otherwise disposed of, are to be assessed for taxation, has been the subject of much judicial consideration and determination in this state.

Prior to recent legislation it was settled in this court that the person having the mere right to the annual interest accruing during life could not be assessed or taxed for the fund, but only for accrued and unpaid interest. *Hill* v. *Hansom,* 7 *Vroom* 50; *Wyckoff* v. *Nunn,* 10 *Id.* 422; *Wyckoff* v. *Jones, Id.* 650; *Gano* v. *Apgar,* 12 *Id.* 230; *Richey* v. *Shurts, Id.* 279; *Richey* v. *Shute,* 14 *Id.* 414. The person having merely a right to the annual interest was deemed to be an annuitant and only assessable as such. *Howell* v. *Cornell,* 2 *Vroom* 374; *Rogers* v. *Pettit,* 10 *Id.* 654.

In *Wyckoff* v. *Jones, ubi supra,* Mr. Justice Dixon considered that such securities represented two funds—one belonging to the widow and being her right to the interest for life, the other belonging to the mortgagees. Upon the then decided cases he held that the widow's property could only be assessed for taxation to the extent of unpaid interest due her, but as to the other fund he held that it could be taxed to the mortgagees (who in that case were executors) to the amount of the present value of the fund, taking into consideration the fact that it was only payable in the future upon the contingency of the widow's death.

In *Holcombe* v. *Holcombe's Executors,* 12 *C. E. Gr.* 473, Chancellor Runyon, sitting as Ordinary, held that one who was entitled to the interest of a fund for life was bound to pay the taxes assessed upon the fund during her life. Upon appeal the Court of Errors held that the fund was taxable in the hands of the executors who held it, and that they had a

right to retain the tax out of the interest.    *Holcombe* v. *Holcombe's Executors*, 2 *Stew. Eq.* 597.

In *Gano* v. *Apgar, ubi supra*, this court held that the decision of the Court of Errors last cited did not overrule the previous decisions of this court.    It is plain that, so far as those decisions denied the right, under the existing law, to assess the whole fund to the person who had a right to the interest for life, it was not inconsistent therewith.    But so far as relates to the decision that such a fund was, for purposes of taxation, divisible, and that the mortgagees were only taxable for its present value calculated on the contingency of the death of the person who is entitled to interest for life, I think the decision of the Court of Errors incompatible therewith.    Such would be the just rule if the persons upon whom the tax ought to fall were the eventual beneficiaries of the fund, for its value during the life of the person having a right to the interest can only be so calculated.    But the Court of Errors decided that the burden of the tax on the fund is not to be imposed on the eventual beneficiaries, but upon the person drawing the annual income therefrom.

The result of this review of the decisions is that the following propositions may be deemed established :

*First.* The widow or person entitled to interest for life of a fund so invested may not be assessed for the fund, for she has no estate or property in it (except as to accrued interest) on which she can be taxed.

*Second.* The mortgagees holding the security for such a fund, if within the provisions of the tax laws, may be assessed for the fund.

*Third.* The assessment to them is of the whole fund and not of its mere present value, for it is the life tenant's duty to keep down the taxes of the fund of which she has the present enjoyment.    Such funds usually arise out of the sale of lands in which the person who is to receive interest for life has dower.    If dower were assigned to her she would be bound to keep down taxes.    It is just that a similar obliga-

tion should bind her with reference to the fund into which her dower is transmuted.

This court has taken this view of the effect of the decision in Holcombe *v.* Holcombe's Executors. *Shotwell* v. *Dalrymple*, 20 *Vroom* 530.

The last proposition is not incompatible with the decisions sustaining a tax upon the life tenant for the accrued interest. Whenever the life tenant acquires property in such interest it is properly taxable to him, and so much as is thus taxable cannot be taxable to the mortgagee.

The question before us, then, is whether the administrator in this case is, under existing laws, assessable for this mortgage and the fund secured thereby.

It is first contended that the administrator, having raised and invested this fund under orders of the Orphans' Court, holds it as an officer of the court and cannot be taxed therefor.

Mortgages to the Chancellor securing investments of money paid into the Court of Chancery are held to have immunity from taxation on grounds of public policy. *Trustees, &c.,* v. *Trenton,* 3 *Stew. Eq.* 667.

Commissioners to partition lands, holding mortgages taken upon sale of the lands, have been held to be officers of the court and not assessable for taxation for funds thus held by them. *Parker* v. *Irons,* 6 *Vroom* 464; *Lomasson* v. *Staats,* 10 *Id.* 653.

Administrators are expressly made liable to assessment for taxation of property held in their possession or under their control as such. *Tax Law of* 1866 (*Rev., p.* 1153, § 7); *Pamph. L.* 1891, *p.* 193, § 7.

But it is further insisted that the administrator in this case holds this fund not by virtue of the general powers conferred upon him by his appointment, but only by the special order of the court. But the fund arose out of a sale made in the due course of administration of the estate and in a manner permitted by law. Upon a sale free from dower the purchase-money necessarily comes to the hands of the administrator making the sale. When the court directs the mode in which

such proceeds are to be disposed of, they no more constitute him an officer of the court with immunity from taxation than they do by any other order as to funds in his hands arising from the personal property of the intestate.

The act of 1891 (*ubi supra*), by its seventh section, imposes taxation upon every person acting in any representative or fiduciary capacity and having personal property in his possession or under his control. If this fund differs in any degree from moneys which may be said to be held by one as administrator, it falls within the broader classification of the act of 1891.

It is suggested that the imposition of the tax on the administrator will be a hardship, because the mortgage, as drawn, requires the interest to be paid directly to the widow by the mortgagor. If it is susceptible of that construction, the administrator is at fault, for the order of the Orphans' Court directs him to pay the interest to the widow annually for life. Upon collection of the interest, the taxes paid by him could be retained. Such result would follow from the principles laid down in Holcombe *v.* Holcombe's Executors. By the act approved March 7th, 1883 (*Rev. Sup., p.* 1019), the legislature has given express authority to one holding such a fund to pay the taxes and to use the tax receipt in payment of the income to the life tenant. This act was in force when the mortgage was drawn, and if it has been so drawn that the prosecutor may not avail himself of its provisions, this court cannot relieve him of a tax rightfully imposed.

The tax complained of must be affirmed.