| 112    | 179 |
| s70NW  | 417 |
| 131    | 469 |

### TOWNSHIP OF ORION *v.* AXFORD.

TAXES—ESTATES OF DECEDENTS—LIABILITY OF ADMINISTRATOR.

> An executor or administrator who allows the estate to be distributed without providing for the payment of current taxes on the personalty belonging to the estate, assessed to him in his official capacity, is liable to a personal action therefor, under Act No. 206, Pub. Acts 1893, § 14, subd. 5, providing that personal property in the hands of executors or administrators shall be assessed to them until they shall give notice that the estate has been distributed, and section 47, authorizing the township treasurer, if otherwise unable to collect a tax on personal property, to sue the person to whom it is assessed.

Error to Oakland; Smith, J. Submitted February 2, 1897. Decided March 23, 1897.

*Assumpsit* by the township of Orion against Ogden S. Axford for unpaid taxes. From a judgment for plaintiff, defendant brings error. Affirmed.

*Davis & Bromley,* for appellant.

*Frederick Wieland (A. & S. H. Perry,* of counsel), for appellee.

MONTGOMERY, J. The sole question which need be discussed in this case is whether, under the tax law of 1893, a tax properly assessed against the executor of an estate may be recovered in a personal action against him, it

appearing that he has distributed the estate after the assessment and before the action brought. The statute (Act No. 206, Pub. Acts 1893, § 14, subd. 5) provides that—

" The personal property belonging to the estates of deceased persons, in the hands of executors or administrators, shall be assessed to them in the township and in the school district where the deceased last dwelt, *until they shall give notice that the estate has been distributed to the parties interested.*"

Section 47 provides that—

" The township treasurer, if otherwise unable to collect a tax on personal property, may sue the person to whom it is assessed, in the name of the township, village, or city, and garnishee any debtor or debtors of such person. * * * *  *Provided,* that when any person having possession of the personal property of any other person or corporation shall be assessed for such property, and shall be obliged to pay the taxes thereon, such person so paying the taxes may recover, of the person for whose benefit the taxes were paid, the money so paid, with the interest thereon, in an action of *assumpsit.*"

The plain provisions of these sections leave little room for construction. Manifestly, the executor is "the person to whom the tax is assessed," within the meaning of this section. Not only is this true, but there is no other person to whom the property can be assessed, in a case like the present, where no notice has been given that the estate has been .distributed to the parties interested. If, then, the tax cannot be recovered of the executor or administrator, it cannot be recovered at all; and such a legislative purpose is not to be inferred. It is idle to suggest that the township must resort to the method of filing a claim against the estate. First, this is not such a claim as constitutes a debt against the estate, within the statute requiring creditors to exhibit their claims before commissioners. See Crosw. Ex'rs & Adm'rs, § 428; Schouler, Ex'rs & Adm'rs, § 318. An equally conclusive answer to this suggestion is that the tax was not

spread, in this case, until after the estate was distributed. The only way in which this statute can be made effective is to so construe it that the executor, when closing the estate, must provide for current taxes, or, being required to pay the taxes on the estate after distribution, must resort to the distributees for reimbursement.

The judgment of the court below, which accorded with these views, is affirmed.

The other Justices concurred.