INHABITANTS OF DRESDEN *vs.* EDMUND BRIDGE, Executor.

Lincoln. Opinion July 19, 1897.

*Tax. Supplemental Assessment. Omission. Evidence. Exors. and Admrs.*
*R. S., c. 6, § § 35, 36, 92, 93, 142.*

In an action of debt, under the statute, to recover a tax upon personal estate, assessed to "Samuel J. Bridge, Est. of," for the year 1894, it appeared that after the death of Samuel J. Bridge and the appointment of the defendant as his executor, the assessors adjudged the personal estate of said Samuel, in gross and which was liable to taxation, to be eighty-eight hundred dollars, (no list of the personal estate having been furnished to the assessors according to the statute) and they assessed a tax upon that valuation, which was paid. In November following, the assessors made a supplemental assessment upon personal property of the estate, in gross, of the amount of $359,503.94, and certified to the collector, in their committal of the tax, that this estate was omitted from the April assessment "by mistake."

*Held ;* that the assessors had not "omitted" any item "by mistake" but had undervalued the gross amount; and that their supplemental assessment was unauthorized by law.

The "omission", mentioned in the statute, does not mean that an erroneous judgment of the value of an estate can be corrected by a supplemental assessment; and the assessors cannot afterwards enlarge their estimate of the value of property under the form of a supplemental assessment.

The statute provides that "the personal property of deceased persons in the

hands of their executors or administrators not distributed, shall be assessed to the executors or administrators." An executor or administrator becomes personally liable for a tax so assessed and a suit may be brought against them personally, and not against the property of the deceased in their hands. But the tax must be assessed against such executor or administrator to render them personally liable.

*Held;* that this tax was not assessed against the defendant, and he is not liable therefor.

Parol evidence is not admissible to show that the assessors meant the assessment should apply to the defendant as executor. It is not competent for the plaintiff to change the form and character of the assessment, and to make an assessment to " Samuel J. Bridge, est. of " a personal assessment to the defendant.

*Fairfield* v. *Woodman,* 76 Maine, 549, affirmed.

On Report.

The case appears in the opinion.

*J. H. and J. H. Drummond, Jr.,* for plaintiffs.

*L. C. Cornish,* for defendant.

Sitting: Peters, C. J., Emery, Foster, Haskell, White-house, Strout, JJ.

Strout, J. Samuel J. Bridge, an inhabitant of plaintiff town, died on the sixth day of November, 1893, testate. On the fifth day of December, 1893, defendant was duly appointed his executor. In the assessment of taxes in Dresden in · April, 1894, after the statute notice to bring in lists of taxable property had been given, and no list of the Bridge estate had been furnished, the assessors, in accordance with R. S., c. 6, § 93, judged the estate liable for taxation upon personal property to the amount of eighty-eight hundred dollars, and assessed a tax upon that amount, which has been paid. On November 28, 1894, the assessors made a supplemental assessment upon personal property of the amount of three hundred and fifty-nine thousand five hundred and three dollars and ninety-four cents, and committed the same to the collector, with their certificate that that estate was omitted from the April assessment by mistake. This supplemental tax was assessed, " Samuel J. Bridge, est. of " and amounted to seven thousand

three hundred and sixty-nine dollars and eighty-three cents, to recover which this suit is brought.

Two principal grounds of defense are relied upon.

1. That the supplemental tax was unauthorized, and is invalid, because there was no omission from the April assessment "by mistake"; and,

2. Because the tax assessed to "Samuel J. Bridge, est. of" was not a legal assessment against the defendant as executor, and created no personal liability against him.

In regard to the supplemental assessment, the statute provides, c. 6, § 35, that "when any assessors, after completing the assessment of a tax, discover that they have by mistake omitted any polls or estate, liable to be assessed, they may, during their term of office, by a supplement to the invoice and valuation, and the list of assessments, assess such polls and estate." Section 92 of the same chapter provides for notice to the inhabitants to bring in lists of taxable property; and § 93 that "if any person after such notice does not bring in such list, the assessors shall ascertain otherwise as nearly as may be, the nature, amount and value of the estate, real and personal, for which in their judgment he is liable to be taxed", and bars any application to the assessors or county commissioners for any abatement of the tax, unless he offers such list and satisfies them that he was unable to offer it at the time appointed.

In this case no list was furnished, and the assessors, in the April assessment, acted under the provisions of § 93, and adjudged the value of the personal estate to be eighty-eight hundred dollars. Mr. Cate, one of the assessors, testified that when the April tax was assessed, he knew Mr. Bridge was a man of large estate, that he had in his lifetime given to institutions in the town, for the benefit of the town, between forty and fifty thousand dollars,— such gifts as are only made, or can be made, by men of large wealth. With this knowledge, and with the right to doom this estate, without right of appeal for abatement, the assessors deliberately, as their judgment, inventoried the personal estate in gross at

eighty-eight hundred dollars, and assessed a tax upon that amount. They thus in April exercised and exhausted the right and power given them by § 93, and could not rejudge the matter, after completion of the assessment and committal to the collector. The "mistake" mentioned in § 35 by which were "omitted any polls or estate," and which alone justifies a supplemental assessment, relates only to an "omission," and does not mean that an erroneous judgment of the value of an estate taxed can be corrected by a supplemental assessment. When the inventory of the estate was returned to the probate court, the assessors attempted, by the supplemental assessment, to revise and correct their estimate of the value of the personal estate, which they had once estimated and assessed. They had not "omitted" any item of personal property in April, but had doomed the personal estate in the aggregate. Finding subsequently that the aggregate personal property was more than their estimate, they sought to make a new valuation. No element of omission by mistake existed; no poll or estate was omitted. The personal estate, in the aggregate, was assessed and taxed in April; it was not omitted by mistake or otherwise. The judgment of the assessors was not accurate. If their doom of value had proved to be in excess of the value of the personal, the estate could not be relieved on that account.

The omission contemplated by the statute is of some specific item, as one parcel of land, or a building so situated as to be personal property, or a ship, when the items of personal property are named and separately appraised in the inventory. It is *omission*, and not erroneous judgment, that the statute provides for. The omission may be supplied by the supplemental assessment; the erroneous judgment cannot be corrected in that way.

In this case, in April, the personal estate was valued and assessed in gross, and not by items. The supplemental assessment is also in gross, and covers the same personal estate. It had been estimated and appraised in gross in April. It could not be again estimated and appraised in November.

It would hardly be contended, that if the assessors had inventoried an estate specifically, by items, and had appraised a specific

piece of property, as for example, a ship, at a certain value, and after the tax had been completed and committed to the collector, they found that the ship was worth more than their appraised and assessed value, they could by supplement assess such excess, as estate "omitted" by mistake. Yet this supplemental assessment attempted to do that,—nothing more or less.

Upon the facts of this case, the supplemental assessment was unauthorized and invalid.

Upon the second point:—

The supplemental tax was assessed to "Samuel J. Bridge, est. of." Revised Statutes, c. 6, § 14, paragraph 8, provide that "the personal property of deceased persons in the hands of their executors or administrators not distributed, shall be assessed to the executors or administrators", until the property is distributed and notice given. Such assessment makes the executor or administrator personally liable for the tax. Being personally liable, a suit for the tax should be brought against him personally, and not against the property of the deceased in his hands. This suit is so brought. But to subject him to personal liability, the tax must be assessed against him. There is no statute which authorizes the assessment of a tax in the form of this assessment. "To sustain the action, it must be shown that the tax was so assessed as to make the defendant personally liable for its payment." This was decided in *Fairfield* v. *Woodman*, 76 Maine, 350. So in *Elliott* v. *Spinney*, 69 Maine, 31, under a statute which authorized the assessment of a tax on undivided real estate of a deceased person, to his heirs or devisees, without designating any of them by name, it was held that an assessment to the heirs, when the estate was held by devisees, was erroneous, and a suit for the tax could not be maintained.

It is true, that in *Fairfield* v. *Woodman*, supra, the tax was upon real and personal. But as the law requires, and the universal practice is, to value the real and personal separately, there could have been no difficulty in separating the two. The court did not base its decision upon the ground that the tax united real and personal, but upon the broad ground, that a tax assessed to

the "estate of Orin Woodman", in which personal estate was taxed, imposed no personal liability upon his administrator.

In November, when this tax was assessed, there was an existing executor of Samuel J. Bridge.

Plaintiff claimed to show by parol that the assessors meant the assessment to apply to the executor, and claimed that the tax to the estate was in effect a tax to him, but such contention cannot prevail. It goes beyond a question of mere identity, which may be shown by parol, as in *Farnsworth Co.* v. *Rand,* 65 Maine, 23, or as in *Bath* v. *Reed,* 78 Maine, 276, where it was held that an assessment against the administrators of R was good against the executors, under R. S., c. 6, § 142, and that parol evidence was admissible to show that the executors were intended to be taxed. The tax purported to be against the legal representative of the estate. The error was in designating that representative as an administrator, when he was an executor. It was an error rendered harmless by § 142. But here, the plaintiff attempts to change the form and character of the assessment, and to make an assessment to "Samuel J. Bridge, est. of" a personal assessment to Edmund Bridge. This would be a radical change of the record, which the law does not allow.

It is unnecessary to consider the other points raised. There must be,

*Judgment for defendant.*