INHABITANTS OF ELIOT *vs.* OLIVER PRIME, Exor.

York.    Opinion July 1, 1903.

*Tax.    Assessment,* Supplementary, Erroneous Description. *Amendment.    Pleading. Demand.    Costs.    R. S., c. 6, § 14, par. 8 ; §§ 24, 35, 92.*

A liberal construction will be given to the statute for the collection of taxes by an action at law when no forfeiture is involved.

Personal property of deceased persons, in the hands of their executors or administrators not distributed, should be assessed to the executors or administrators.    R. S., c. 6, § 14, par. 8.

In an action of debt against an executor for the collection of a supplementary tax assessed upon personal property of the deceased in his hands, the assessment was : "Heirs of A. B. or C. D., Executor." *Held;* that there is no statute authorizing the assessment of a tax upon personal property to the "heirs of" the deceased ; therefore the phrase "heirs of A. B., or " is surplusage and the executor is liable for the tax.

When an original assessment of a supplementary tax is correct, it is the duty of assessors to correct any erroneous transcription to the collector's book.

The plaintiffs declared upon the regular assessment in which the defendants name did not appear ; but under the statute, as held by the decisions of this court, the regular and supplemental assessments for legal purposes become one ; and a declaration which intelligibly sets out that a tax is due under either, is sufficient.

Costs are not allowed when no demand for payment of a tax has been made before action brought.

On report.    Judgment for plaintiffs.

Action of debt under the statute to recover a tax on personal property in the hands of the defendant as executor of the will of Benjamin Kennard, late of Eliot, deceased.    The plaintiffs' declaration was the same as in *York* v. *Goodwin,* 67 Maine, 260, and *Wellington* v. *Small,* 89 Maine, 154.

The case is stated in the opinion.

*J. B. Donovan and F. A. Hobbs,* for plaintiffs.

*H. Fairfield and L. R. Moore,* for defendant.

The action is brought against the property of the deceased in the

hands of the executor. It should have been brought against the defendant personally. R. S., c. 6, § 14, par. 8; *Dresden* v. *Bridge,* 90 Maine, 493. It is to recover a supplemental tax made Oct. 1, 1900, while the declaration is for the recovery of the regular tax as of April 1, 1900. Plaintiffs introduced the books showing the regular assessment made on June 11, 1900, and is the assessment declared on. The name of the defendant does not appear therein. This fact is fatal to the action. Evidence of the supplemental tax is not admissible under the declaration. To recover a supplemental tax, the fact of its being supplemental, the omission by mistake and certificate to that effect should be shown and alleged as traversable facts, *Topsham* v. *Purinton,* 94 Maine, 357; *Dresden* v. *Bridge,* supra, and are put in issue under the plea of the general issue. The supplemental tax is not an amendment of the regular tax. It is rather a second assessment, or may be a third or fourth. The statute requires a new invoice, a new valuation, a new listing and a new commitment. R. S., c. 6, § 35. An assessment in the alternative does not comply with the statute. *Burke* v. *Burke,* 170 Mass. 500; *Alvord* v. *Collins,* 20 Pick. 418–21.

It is the duty of the assessors to ascertain whether the deceased died testate or intestate, before assessing the tax, and then act according to the fact. It is not sufficient for them to fail to investigate and then assess the tax to both, in the alternative. *Eliot* v. *Spinney,* 69 Maine, 31.

Under another statute provision real estate may be assessed to the owner or tenant, but the assessors cannot assess to both in the alternative. Their decision as to which one to assess should be made before and not after the assessment. In this case the assessors should have first ascertained whether there was an administrator or executor. This they did. They ascertained there was an executor and that his name was Oliver Prime. Their plain statute duty was then to assess against him alone. Whereas they assessed against him and the heirs in the alternative. By so doing they lost the right to recover of either.

*Stafford* v. *Twitchell,* 33 La. An. 520, *Grotefend* v. *Ultz,* 53 Cal. 666; *Hearst* v. *Eggleston,* 55 Cal. 365; *Greenwood* v. *Adams,* 80

Cal. 74.; *Grim* v. *O'Connell*, 54 Cal. 522; *Daly* v. *Ah Goon*, 64 Cal. 512; *Pierson* v. *Creed*, 78 Cal. 144; *Jatum* v. *O'Brien*, 89 Cal. 57; *Dubois* v. *Webster*, 7 Hun, N. Y. 371.

SITTING: WISWELL, C. J., STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SPEAR, J. This is an action of debt for the collection of a supplementary tax of $240, assessed upon $12,000 of personal property of Benjamin Kennard, late of Eliot in the County of York, deceased, in the year 1900, and in the possession of Oliver Prime of said Eliot, the executor of the last will and testament of the said Benjamin Kennard.

It is admitted that the said Benjamin Kennard, deceased, last dwelt in Eliot, and that Oliver Prime was, on April 1st, 1900, an inhabitant of Eliot, and that he then was and now is the executor of the last will of Benjamin Kennard; that the town clerk, assessors, selectmen, town treasurer and tax collector were legally chosen and duly qualified for the year 1900; that the assessors in 1900 gave notice in writing to the inhabitants to bring in their tax lists according to R. S., c. 6, § 92, and that the defendant brought in no lists; that the selectmen of Eliot instructed this suit to be brought; that in the supplementary tax list for the year 1900, other persons were also taxed but for poll-taxes only; that the defendant was not taxed at all in April, 1900, in any capacity as representative of the estate of Benjamin Kennard; that after the supplementary assessment of taxes was made the assessors under the hands of two of them, and with the consent of the third, made the following certificate: "We hereby certify that the above were omitted by mistake" which certificate was made before taxes were committed to the collector of taxes; that when the assessment was made, it was entered upon the book of valuation for the year 1900, as follows: Name, heirs Benjamin Kennard, or Oliver Prime, Executor; valuation $12,000; rate $20;. total tax $240. The testimony shows that these taxes were committed October 1, 1900, and a certificate thereof given to the tax collector; that in copying from the tax lists to the collector's book the

words "or Oliver Prime, Executor" were not entered at the date of the commitment.

The evidence further shows that in the first week of October the tax collector presented to Oliver Prime, the executor, a tax bill in which the tax appeared to be assessed only to the heirs of Benjamin Kennard; that after this the assessors discovered that the phrase "or Oliver Prime, Executor," was not entered upon the collector's book, as it appeared upon the tax lists of the assessors, and that thereupon Mr. Goodwin, one of the assessors, the others being present and consenting, added the phrase "or Oliver Prime, Executor" to the entry in the collector's book. The collector says that he presented to Mr. Prime, the executor, a corrected tax bill corresponding with the amended entry upon his book. The defendant claims that the assessment of this supplemental tax in the alternative as above shown is illegal on the ground that such an assessment is against neither party named, and that the statute expressly requires that it shall be made against the executor. If a tax upon personal property could be legally assessed against the "heirs of" a deceased person, there would be great force in the defendant's position. Revised Statutes, c. 6, § 14, par. 8, provides "that the personal property of deceased persons in the hands of their executors or administrators, not distributed, shall be assessed to the executors or administrators" just as the tax in question was assessed, had the words "heirs Benjamin Kennard or" been omitted. Section 24 of the same chapter provides "that undivided real estate of a deceased person may be assessed to his heirs or devisees without designating any of them by name."

Under the last section, our court have held "that such estate may be taxed to the heirs without naming them when, and only when, it descends to them by operation of law; and that it may be taxed to devisees without naming them when, and only when, it comes to them by will." *Eliot* v. *Spinney,* 69 Maine, 31. Under this construction of this section of the statute, it is apparent that an assessment "to the heirs of" or "devisees of," in the alternative could not be sustained, as each phrase designates a party against whom a tax can be legally assessed; but this section applies solely to the taxation of real estate, and we find no similar provision in the statute relating to the

assessment of taxes upon personal property. On the other hand, it has been held that personal property in the hands of the executor can be taxed only to the executor personally, and that such assessment makes the executor personally liable. "To sustain the action it must be shown that the tax was so assessed as to make the defendant personally liable for its payment." *Fairfield* v. *Woodman,* 76 Maine, 549; *Dresden* v. *Bridge,* 90 Maine, p. 493. Taxes can be legally assessed only by authority of the statute. There is no statute authorizing the assessment of a tax in this case to the "heirs of" the deceased; therefore the phrase "heirs Benjamin Kennard or" being unauthorized by law, as parties upon whom a tax upon personal property can be assessed, is surplusage; and, under the liberal construction given the statute for the collection of taxes by our court, where a forfeiture is not involved, should have no effect upon the assessment. *Cressey* v. *Parks,* 76 Maine, p. 534; *Topsham* v. *Blondell,* 82 Maine, p. 156. The original assessment of the supplementary taxes being correct, it was not only proper, but the duty of the assessors, to correct any erroneous transcription to the collector's book. The assessment being in conformity with the statute, it is unnecessary to discuss the question as to whom the assessors intended to assess the tax. Yet, if the question of intention was in any degree involved, all the assessors testified that it was their intention to assess the tax to Oliver Prime, Executor. The evidence was clearly admissible. *Bath* v. *Reed,* 78 Maine, 284.

The defendant further objects to the right of the plaintiffs to maintain their action on the ground that the declaration in their writ was not sustained by the proof offered. The plaintiffs declare upon the regular assessment which was made June 11, 1900, as of April 1st, but the name of the defendant does not appear at all on this assessment. The plaintiffs admit "that this list shows no assessment against the defendant." The supplemental tax was assessed October 1st, 1900. On the same collector's tax list, on a blank page following the list of June 11, but preceding the last page, on which is the assessors' certificate of June 11, 1900, appear, under the heading "supplementary tax for 1900 omitted through mistake" in the columns properly marked, the names, valuation and amount of taxes assessed,

and among them the name of the defendant. The supplemental assessment was also entered upon the book of valuation for the year of 1900, as above stated. Thus we find the assessment of this tax entered both upon the book of original assessment, and in the comitment to the collector, under a proper certificate in each case and under signature of the assessors in the latter case, although the entry was actually made after the signatures were placed upon the collector's book.

The statute authorizing the assessment of a supplementary tax is found in R. S., c. 6, § 35. "When any assessors, after completing the assessment of a tax, discover that they have by mistake omitted any polls or estate liable to be assessed, they may, during their term of office, by a supplement to the invoice and valuation, and the list of assessments, assess such polls and estate their proportion of such tax according to the principles on which the assessment was made, certifying that they were omitted by mistake. Such supplemental assessments shall be committed to the collector with a certificate under the hands of the assessors, stating that they were omitted by mistake, and that the powers in their previous warrant, naming the date of it, are extended thereto; and the collector has the same power, and is under the same obligations to collect them, as if they had been contained in the original list." It seems to us that under this statute the supplementary tax becomes a part of the original assessment. In the language of the statute it is "a supplement to the invoice and valuation and the list of assessment." The polls and estate are "omitted by mistake" from the original, and by the supplementary assessment they are simply added to it. The powers in their previous warrant are extended to the assessments and "the collector has the same power and he is under the same obligation to collect them as if they had been contained in the original list." Every attribute of the supplementary relates back to, and becomes a part of, the original assessment. Without it there could be no supplement. The earlier decisions of this State which have never been questioned seem to go even further than this and hold that the supplementary assessment may relate back and cure a fatal omission in the original assessment. "It appears that on the twentieth of July, 1837, a tax list

accompanied by a warrant duly authenticated was committed to the collector, but the tax list was not under the hands of the assessors, as the statute requires. On the fourth of October following a supplementary or additional tax list, correcting certain errors or omissions in the first list, and expressly referring to it as containing the assessment for that year, was signed by a majority of the assessors and committed to the collector. These two lists contained the assessment on the polls and estates of the inhabitants of the city for that year.

"It was decided in the case of *Johnson* v. *Goodridge,* 3 Shepl. 29, to be a sufficient compliance with the requirements of the statute, 'that the lists should bear upon them the official sanction of a majority of the assessors, evidenced by their signatures.' By signing the supplementary list and therein referring to the former list the assessors made a distinct declaration in their official character and under their hands, that both lists constituted the list of assessments for that year." *Bangor* v. *Lancey,* 21 Maine, p. 472.

Under the statute as interpreted by this decision, the two assessments for legal purposes become one, and a declaration which intelligibly sets out that a tax is due under either is sufficient. As the defendant's name, in this case, did not appear in the original assessment at all, the plaintiffs' declaration necessarily set out, not only the original, but so much of the supplemental as related to the tax against the defendant. This was all that was required. We think the declaration was sufficient to admit the evidence of the supplementary assessment.

There is no evidence of a demand which warrants a judgment for costs. In accordance with the stipulation in the report,

> *Judgment is to be entered for the plaintiffs for $240 and interest from the date of the writ, without costs.*