## In re ATKINSON'S ESTATE.
### CLAIM OF DETROIT CITY TREASURER.

TAXATION—PERSONAL TAXES—GENERAL STATUTE OF LIMITATIONS.
Provisions of general property tax law and city charter that taxes upon personal property shall remain a ' debt of the owner and a lien on the property until paid do not remove taxes on personal property from operation of the general statute of limitations relative to personal actions in view of statute specifically making such general statute of limitations applicable to actions brought in the name of the people of the State in the same manner as to actions brought by individuals (Comp. Laws 1929, § 3429, as amended by Act No. 31, Pub. Acts 1934 [1st Ex. Sess.], §§ 3500, 13976, 13991; Detroit Charter, title 6, chap. 4, § 27).

Appeal from Wayne; Merriam (De Witt H.), J. Submitted April 13, 1943. (Docket No. 54, Calendar No. 42,297.) Decided May 18, 1943.

In the matter of the estate of Arthur S. Atkinson, deceased. Albert E. Cobo, Detroit City Treasurer, filed claim for city taxes. Claim allowed. Donald L. Atkinson, administrator, appealed to circuit court. Claim denied in part and allowed in part. Defendant city treasurer appeals. Affirmed.

*Miller, Canfield, Paddock & Stone,* for administrator.

*Paul E. Krause,* Corporation Counsel, and *Veno E. Sacre,* Assistant Corporation Counsel, for claimant.

WIEST, J. The city of Detroit presented a claim against the estate of Arthur Stewart Atkinson for personal property taxes assessed against the deceased in his lifetime. The probate court appointed referees to pass on the claim and the referees made report allowing all taxes, except the taxes for the years 1929 and 1934, which were disallowed on the ground the general statute of limitations had barred recovery. Exceptions were filed to the report and the probate judge allowed the full claim for the taxes. Upon appeal to the circuit court the personal taxes for 1929 and 1934 were found barred by the statute of limitations. The city of Detroit prosecutes this appeal.

The sole question is:

"Do the general statutes of limitation of the State of Michigan, limiting the time in which court action may be taken to six years, apply to a personal action brought by the city of Detroit for the collection of personal property taxes."

The statute, 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605), provides:

"All actions in any of the courts of this State shall be commenced within six years next after the causes of action shall accrue, and not afterward, except as hereinafter specified."

The exceptions specified have no bearing in this case.

Mr. Atkinson died intestate May 15, 1941, and no action was ever taken by the city to collect the taxes until the claim was presented against the estate of the deceased taxpayer on or about February 5, 1942, nearly 13 years after the delinquency of the 1929 taxes, and 8 years after the delinquency of the 1934 taxes.

Appellant claims that the general statute of limitations in not specifically stating that personal taxes

are excluded renders the following provisions in the State tax law and the city charter operative and thereunder action for recovery never outlaws. The charter of the city of Detroit, title 6, chap. 4, § 27, provides:

"All city taxes upon personal property and real estate and special assessments thereon, in addition to being a lien upon the property assessed, shall become a debt against the owner from the time of the listing of the property for assessment, and shall remain a debt against the owner of the property or his estate after his death, until the same are paid."

The general State tax law, 1 Comp. Laws 1929, § 3500 (Stat. Ann. § 7.161), makes such law applicable to all cities and villages where not inconsistent with their respective charters. 1 Comp. Laws 1929, § 3429, as amended by Act No. 38, Pub. Acts 1934 (1st Ex. Sess.) (Comp. Laws Supp. 1940, § 3429, Stat. Ann. § 7.81), provides that taxes on personal property shall remain a lien until paid. These provisions do not remove personal taxes from operation of the statute of limitations relative to personal actions.

3 Comp. Laws 1929, § 13991 (Stat. Ann. § 27.620), being a part of the chapter on limitations of actions, provides:

"The limitations herein before prescribed for the commencement of actions, shall apply to the same actions when brought in the name of the people of this State, or in the name of any officer or otherwise, for the benefit of the State, in the same manner as to actions brought by individuals."

This being the statutory declared will of the sovereign power binds all municipalities and renders the general statute of limitations applicable in the case at bar.

The question here presented was ably discussed and determined in *State of Nevada* v. *Yellow Jacket Silver Mining Co.,* 14 Nev. 220. That was an action to recover certain taxes upon the proceeds of the defendant's mine, alleged to be due and delinquent for 21 quarter-years. The civil code of Nevada provided:

"Civil actions can only be commenced within the periods prescribed in this act, after the cause of action shall have accrued, except where a different limitation is prescribed by statute."

Also:

"The limitations prescribed in this act shall apply to actions brought in the name of the State, or for the benefit of the State, in the same manner as to actions by private parties."

The court stated (p. 230):

"It is urged by counsel for plaintiff that the statute has not run against any or all of the causes of action stated, because the revenue laws provide that a lien shall attach upon the mine, 'which shall not be satisfied or removed until all taxes are paid, or the title to the mine has absolutely vested in a purchaser under a sale for the taxes levied on the proceeds thereof.'"

The court applied the statute of limitations.

See, also, *City and County of San Francisco* v. *Luning,* 73 Cal. 610 (15 Pac. 311); *City of San Diego* v. *Higgins,* 115 Cal. 170 (46 Pac. 923); *State* v. *Railway Co.,* 132 Wis. 345 (112 N. W. 515).

In the action at bar the city of Detroit sought recovery of personal taxes under the provisions of the charter and statute and stated the same to be a debt We hold action as to the taxes for 1929 and 1934

barred by the general statute of limitations. The holding in the circuit court to such effect is affirmed, with costs against the city of Detroit.

BOYLES, C. J., and CHANDLER, NORTH, STARR, BUT-ZEL, BUSHNELL, and SHARPE, JJ., concurred.