CITY OF DETROIT v. STAFFORD.

1. TAXATION—PERSONAL PROPERTY—GENERAL STATUTE OF LIMITATIONS.

The six-year general statute of limitations applies to an action by a tax-collecting unit against an administrator for collection of taxes on personal property (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941).

2. SAME—STATUTES—MUNICIPAL CORPORATIONS—CHARTERS.

The provisions of the general State tax law are applicable to cities and villages where not inconsistent with their respective charters (1 Comp. Laws 1929, § 3500).

3. PROPERTY—TITLE TO PERSONAL PROPERTY—DEATH OF OWNER—LEGAL REPRESENTATIVES.

The legal estate in personal property upon the death of the owner thereof, vests absolutely in his executor or administrator (1 Comp. Laws 1929, § 3402).

4. TAXATION—PERSONAL PROPERTY—ESTATES OF DECEDENTS—PAYMENT.

Taxes accruing against personal property after death of owner and before distribution may be paid by the executor or administrator and he may seek credit with such payment in his accounting, or he may petition the court for an order authorizing and directing him to pay the taxes out of the assets of the estate, or the tax-collecting unit may petition the probate court for an order directing payment of the taxes as a proper administrative expense but since such taxes are assessed and levied after the death of the decedent, claims based thereon could not be properly filed against the estate (1 Comp. Laws 1929, § 3402).

5. SAME—ESTATES OF DECEDENTS—LIABILITY OF PERSONAL REPRESENTATIVE.

An executor or administrator is personally liable for taxes on personal property accruing against an estate after death of decedent and prior to giving notice to tax-collecting authorities

of distribution, hence enforcement of payment is against him personally and not against the property of the deceased in his hands (1 Comp. Laws 1929, § 3429, as amended by Act No. 38, Pub. Acts 1934 [1st Ex. Sess.]; §§ 3401, 3402; Detroit Charter, title 6, chap. 4, §§ 1, 26).

6. SAME—PERSONAL PROPERTY IN ESTATES OF DECEDENTS—PERSONAL REPRESENTATIVES—DISTRIBUTION—STATUTE OF LIMITATIONS.

The liability of an executor or administrator for payment of taxes on personal property of the deceased, which accrue after death of the decedent and prior to notice of distribution is not postponed until the date of distribution of the assets and the closing of the estate, hence, where city delayed more than six years following date when taxes assessed became enforceable by the city treasurer, the six-year statute of limitations was operable as a bar to action to enforce such liability (1 Comp. Laws 1929, § 3429, as amended by Act No. 38, Pub. Acts 1934 [1st Ex. Sess.]; §§ 3401, 3402; § 13976, as amended by Act No. 72, Pub. Acts 1941; Detroit Charter, title 6, chap. 4, §§ 1, 26).

Appeal from Wayne; Brennan (John V.), J. Submitted October 15, 1947. (Docket No. 18, Calendar No. 43,503.) Decided January 5, 1948.

Assumpsit by City of Detroit against Edmund J. Stafford for taxes due. Judgment for plaintiff. Defendant appeals. Reversed and remanded for entry of judgment for defendant.

*William E. Dowling,* Corporation Counsel, *John H. Witherspoon* and *Alfred S. Stolinski,* Assistants Corporation Counsel, for plaintiff.

*John C. Kenely,* for defendant.

CARR, J. On November 8, 1934, defendant was appointed by the probate court of Wayne county as general administrator of the estate of Frank H. Addison, deceased. He continued to act in that capacity until November 14, 1940, at which time the

court entered an order discharging the administrator, releasing his bond, and closing the estate. In accordance with provisions of the city charter personal property listed in the inventory filed by defendant was assessed for the years 1936, 1937 and 1938, the aggregate amount of the taxes being $834.80. Said taxes were not paid and, on September 6, 1945, the city brought suit against defendant to recover the amount thereof with interest. The declaration alleged that defendant became personally liable for the taxes "because of failure to pay same prior to the closing of the estate and the distribution of the assets thereof." Defendant filed answer, pleading therein the statute of limitations, 3 Comp. Laws 1929, § 13976, as last amended by Act No. 72, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 13976, Stat. Ann. 1947 Cum. Supp. § 27.605). Under the provisions of said statute all personal actions, with certain exceptions, are required to be commenced within six years after the causes therefor accrue. The limitation applies to suits of the character here involved. *In re Atkinson's Estate,* 305 Mich. 323.

The trial court came to the conclusion, after listening to the proofs and arguments of the parties, that plaintiff's theory was correct and that the right of action against defendant accrued at the time of final distribution of assets and the closing of the estate. It appears from the record that the assets of said estate were sufficiently large to permit payment of the taxes as they accrued. Judgment for plaintiff in the amount claimed was entered and defendant has appealed. It is his claim, in substance, that the running of the statute of limitations was not tolled by the probate court proceeding, that proceedings might have been brought prior to the closing of the estate for the purpose of enforcing payment of the taxes,

and that, in consequence, the statute had run against plaintiff's right of action against defendant at the time this suit was brought.

The assessments in question were made against "Frank H. Addison Estate, Edmund J. Stafford, Administrator, 1226 Dime Building, Detroit, Michigan." The form of the assessment is not challenged. It clearly indicated that the assessment was made against defendant, and in accordance with the provisions of the State statutes and the city charter.

Title 6, chap. 4, § 1, of the charter in effect when the taxes became due, provided as follows:

"All city taxes shall be due and payable on the 15th day of July in each year, and on that date shall become a lien on the property taxed. The owners or occupants or parties in interest to any real estate assessed hereunder shall be liable to pay such taxes, and all assessments levied in accordance herewith. The owners or persons in possession of any personal property shall pay all taxes assessed thereon."

Section 26 of said chapter referred to the collection of taxes on personal property and read, in part, as follows:

"On and after the 26th day of August in each year and at any time until the taxes mentioned herein are paid, the city treasurer shall enforce the collection of all unpaid taxes which are assessed against the property or value other than real estate. If such taxes shall remain unpaid the city treasurer shall forthwith levy upon and sell at public auction the personal property of any person refusing or neglecting to pay such tax, or collect the same through the courts. * * * The city treasurer shall have power in the name of the city to prosecute any person or corporation refusing or neglecting to pay such taxes or any special assessment by a suit in the circuit court for the county of Wayne, and he shall

have, use and take all lawful ways and means provided by law for the collection of debts to enforce the payment of any such tax or any special assessment. The tax rolls or unit cards after the tax has been transferred thereto shall be prima facie evidence of the indebtedness of such person and the regularity of the proceedings by which such tax or assessment was assessed and levied. All city taxes upon personal property shall become on said 15th day of July a lien thereon and so remain until paid, and no transfer of the personal property assessed shall operate to divest or destroy such lien.''

Provisions of like character are found in the general law of the State relating to the assessment and collection of property taxes. 1 Comp. Laws 1929, § 3429, as amended by Act No. 38, Pub. Acts 1934 (1st Ex. Sess.) (Comp. Laws Supp. 1940, § 3429, Stat. Ann. § 7.81). The provisions of the general State tax law are applicable to cities and villages ''where not inconsistent with their respective charters.'' 1 Comp. Laws 1929, § 3500 (Stat. Ann. § 7.161) *In re Atkinson's Estate, supra; Standard Accident Insurance Co.* v. *City of Detroit,* 307 Mich. 720. At the time of the assessment involved in this case, all personal property, with certain exceptions not material here, was required to be assessed to the owner in the township in which such owner was an inhabitant, on the second Monday of April of the year for which the assessment was made. 1 Comp. Laws 1929, § 3401 (Stat. Ann. § 7.13).

It was further provided in 1 Comp. Laws 1929, § 3402 (Stat. Ann. § 7.14), that:

''The personal property belonging to the estates of deceased persons, in the hands of the executors, administrators or trustees appointed under the last will and testament of such deceased person, or by any court of competent jurisdiction, shall be assessed to them in the township and in the school district

where the deceased last dwelt, until they shall give notice to the supervisor or other assessing officer that the estate has been distributed to the legatees or beneficiaries or other persons entitled thereto. If such deceased was a nonresident of the State such property shall be assessed in the township where situated, to such executors, administrators or trustees or to the person in possession."

In accordance with the provisions of the State statute it was said in *Michigan Trust Co.* v. *City of Grand Rapids,* 262 Mich. 547, 550 (89 A. L. R. 840):

"The legal estate in personal property upon the death of the owner thereof, vests absolutely in his executor or administrator. *Foote* v. *Foote,* 61 Mich. 181."

See, also, *Parks* v. *Crippin-Norris,* 101 Mich. 71; *In re Reidy's Estate,* 164 Mich. 167.

The claim of defendant that an action might have been brought against him prior to the distribution of the assets of the estate and the closing thereof, to enforce collection of this tax, is based on the charter and statutory provisions above mentioned. It is insisted that the assessments were made against him personally and that, under the law, he was personally liable. Undoubtedly, he might have paid the taxes and then have asked in his accounting that the probate court credit him with such payment; or he might have petitioned the court for an order authorizing and directing him to pay the taxes out of the assets of the estate. It is doubtless true, also, that the plaintiff might have petitioned the probate court for an order directing payment of the taxes as a proper administration expense. The record discloses that plaintiff requested payment from defendant from time to time but does not indicate any reason for the failure to make, or to enforce, such payment. The taxes having been assessed and levied

after the death of the decedent, claims based thereon could not have been properly filed against the estate.

In *Township of Orion* v. *Axford*, 112 Mich. 179, plaintiff, under date of February 10, 1896, brought suit to recover the amount of a tax assessed, for the year 1895, on certain personal property in the possession of defendant as administrator of the estate of Diana L. Axford, deceased. Defendant was appointed as such administrator in October, 1894. The estate was settled and defendant discharged by order of the probate court on July 5, 1895. It was claimed on behalf of the plaintiff that the defendant had withheld distribution of the assets until after the making of the assessment and confirmation thereof by a board of review and then had brought about the closing of the estate in order to avoid payment of the tax. Plaintiff recovered judgment in the circuit court, which was affirmed by this Court on appeal. Statutory provisions analogous to those above cited were quoted, and the Court said:

"The plain provisions of these sections leave little room for construction. Manifestly, the executor is 'the person to whom the tax is assessed,' within the meaning of this section. Not only is this true, but there is no other person to whom the property can be assessed, in a case like the present, where no notice has been given that the estate has been distributed to the parties interested. If, then, the tax cannot be recovered of the executor or administrator, it cannot be recovered at all; and such a legislative purpose is not to be inferred. It is idle to suggest that the township must resort to the method of filing a claim against the estate. First, this is not such a claim as constitutes a debt against the estate, within the statute requiring creditors to exhibit their claims before commissioners. See Croswell, Executors & Administrators, § 428; Schouler, Executors & Administrators, § 318. An equally conclusive an-

swer to this suggestion is that the tax was not spread, in this case, until after the estate was distributed. The only way in which this statute can be made effective is to so construe it that the executor, when closing the estate, must provide for current taxes, or, being required to pay the taxes on the estate after distribution, must resort to the distributees for reimbursement."

It is interesting to note that in the *Township of Orion Case,* the declaration was on the common counts in assumpsit. Plaintiff's claim was apparently based on the theory that defendant was personally liable for the tax assessed on the property, and such was the claim of counsel for plaintiff in their briefs filed in this Court. It was not claimed that defendant's action in distributing the assets of the estate was of such wrongful character as to create a cause of action against him based thereon. The language above quoted from the opinion of Justice MONTGOMERY may not properly be construed as indicating that the judgment was sustained on any such basis. Obviously, the case was brought, tried in the circuit court, and submitted to this Court, on the theory that the tax was a debt for which the defendant was liable because the tax on the property had been properly assessed against him. With reference to assessments of personal property assets of an estate, see, also, *Herrick* v. *City of Big Rapids,* 53 Mich. 554; *Avery* v. *Dewitt,* 72 Mich. 25.

The right to bring an action against an executor or administrator, personally, to recover taxes assessed against personal property of an estate under statutory provisions similar to those of Michigan, and analogous to the charter provisions of the city of Detroit, has been upheld by the courts in other States. In *Inhabitants of Dresden* v. *Bridge,* 90 Me. 489 (38 Atl. 545), the court considered a provision

of a statute declaring that: "The personal property of deceased persons in the hands of their executors or administrators not distributed, shall be assessed to the executors or administrators." Like the Michigan statute, the statute of Maine provided that the procedure indicated should be followed until the distribution of the property and the giving of notice thereof to assessing officers. Commenting on the statute, it was said:

"Such assessment makes the executor or administrator personally liable for the tax. Being personally liable, a suit for the tax should be brought against him personally, and not against the property of the deceased in his hands."

Recovery was, however, denied because the assessment was found not to be in the form required by statute. Citing the *Dresden Case,* it was held in *Inhabitants of Eliot* v. *Prime,* 98 Me. 48 (56 Atl. 207), that the defendant executor was personally liable for the tax in question. A like result was reached in *City of Rockland* v. *Farnsworth,* 111 Me. 315 (89 Atl. 65).

In *People* v. *Continental Illinois National Bank & Trust Co.,* 360 Ill. 454 (196 N. E. 515), suit was brought to recover from the defendant executor the amount of a tax levied on decedent's personal property. The provisions of the Illinois statute involved were analogous to those of Michigan, above cited. In sustaining the right of recovery it was said:

"An executor stands in the shoes of his testator with respect to his personal property, and his ownership of the property is but a continuation of the ownership of the decedent. This court has repeatedly held that in matters of taxation the legal representative, after his appointment and until the property is distributed, is regarded by the statute as the legal owner and possessor of the property of his

decedent and is personally responsible for the taxes.''

Of similar import is *Bogue* v. *Laughlin,* 149 Wis. 271 (136 N. W. 606, 40 L. R. A. [N. S.] 927, Ann. Cas. 1913 C, 1367). See, also, *State, Dilts, Prosecutor,* v. *Taylor,* 57 N. J. Law, 369 (30 Atl. 599), and the annotations in 119 A. L. R. 405 *et seq.,* and 131 A. L. R. 822 *et seq.*

Under the statutes of this State and the charter provisions of the city of Detroit relating to assessments on personal property and the collection of taxes so levied the assessments in question were properly made against defendant. He became personally liable therefor, and such liability was not postponed until the date of distribution of the assets and the closing of the estate. Suits to recover each assessment might have been instituted on the 26th day of August, or thereafter, of the year in which the assessment sought to be recovered was made. Such personal liability was not created by closing the estate without payment of the taxes, but logically, as held in *Township of Orion* v. *Axford, supra,* it continued beyond such action. If carried out to its logical conclusion plaintiff's contention, if sustained, would mean that tax-collecting authorities may not enforce, by appropriate action, the payment of a tax assessed against personal property belonging to an estate and in the hands of the executor or administrator, until the distribution of assets and the closing of the estate. We do not think that this was the intention of the legislature in the enactment of statutes relating to the subject matter, nor do the charter provisions of the city of Detroit, involved in this case, suggest any such situation.

For the reasons indicated we conclude that the statute of limitations, having been properly pleaded, was a bar to recovery against defendant. The judg-

ment is, therefore, reversed and the case remanded with directions to enter judgment in accordance herewith. Defendant may have costs.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.