ARNOLD v. THOMPSON.

---

### James Arnold v. Sarah S. Thompson adm'x., etc.

*Justices Judgment; Docketed in the Circuit Court: How enforced : Statute of limitations : Deceased judgment debtor.* A judgment rendered by a Justice of the Peace duly certified to, and docketed in the Circuit Court, has the same effect as a judgment rendered in the Circuit Court;—*Davison v. Elliott, 9 Mich., 252 ;* and is to be enforced, discharged or cancelled, and is affected by the statute of limitations, in the same way.

The estate of a deceased judgment debtor has no better defense to an action on the judgment, or proceedings to collect it, than he would have had, if he had lived.

*Heard October 23. Decided October 26.*

Case made from Kalamazoo County.

This was an action brought into the Circuit Court for the County of Kalamazoo by appeal from the decision of the Commissioners appointed by the Probate Court for that county, to receive, examine and adjust all claims and damages against the estate of James F. Thompson deceased.

The following facts were found by the Court :

"That on the 10th day of October, A. D., 1859, James Arnold, survivor of James Arnold and William Ackley, for the use and benefit of Hiram Arnold, recovered a judgment against said James F. Thompson, before Lewis Mosher, a

ARNOLD v. THOMPSON.

Justice of the Peace of the county of Calhoun, in the State of Michigan, for the sum of one hundred and eighteen dollars and eighty-eight cents, damages, and three dollars and ninety-four cents, costs of suit, and that said Justice had jurisdiction and authority to render the same; that an execution was issued on said judgment, and returned unsatisfied in whole; that after the return of said execution and on the first day of November, 1861, a transcript of said judgment and all of the proceedings had before said Justice, in said cause, and properly certified, and together with an affidavit showing there was due the plaintiff, on said judgment the sum of one hundred and thirty-seven dollars and twenty cents, was made and filed in the office of the Clerk of the Circuit Court for the County of Calhoun, and on the same day judgment was entered and docketed by the clerk of said Circuit Court, and in compliance with, and as provided by sections 134, 135 and 136 of chapter 117 of the Compiled Laws of the State of Michigan and that said judgment has not been satisfied; that said James F. Thompson died intestate, in the county of Kalamazoo, on or about the first day of September, A. D., 1867; that Sarah S. Thompson was thereafter duly appointed by the Probate Conrt of the county of Kalamazoo administratrix of the estate of said decedent; that in the settlement of the estate of decedent, Commissioners were appointed by said Probate Court to receive, examine and adjust claims against the estate of said deceased; that a claim was duly presented by said appellant to said Commissioners for the sum of two hundred dollars claimed to be due him from said decedent on said judgment, so entered and docketed; that said Commissioners decided to disallow said claim, and so report to said Probate Court; that by said stipulation it was agreed that, if judgment be rendered in favor of said appellant, it should be for the sum of one hundred and thirty-seven dollars and twenty cents, and interest on

the same from November 1st, A. D., 1861, and five dollars ·and fifty cents costs incurred since the rendition of said judgment, and prior to said appeal, together with costs to be taxed in the Circuit Court; that if judgment should be against said appellant, it should be for costs to be taxed."

On the trial of the cause the counsel for defendant insisted that no judgment could be rendered upon the case made by the proofs, and the statement of the facts contained therein, for the reason that appellant's right of action was barred by the statute of limitations.

The Court rendered a judgment for the claimant and appellant for the sum of $206,32, which comes before this Court by "case made" under the statute.

*Henry C. Briggs,* for claimant and appellant.

*C. A. Thompson Jr.,* for defendant and appellee.

CAMPBELL J.

The appellant presented a claim against the estate of James F. Thompson, deceased, based upon a judgment originally rendered by a Justice of the Peace more than six years before the death of the intestate, but docketed upon a transcript by the clerk of the Circuit Court of the county where it was rendered, within the six years. The claim was rejected by the Commissioners, as barred by the lapse of time, but allowed upon appeal by the Circuit Court.

The statute of limitations bars an action on a Justice's judgment in six years. But under our statutes the entry upon a transcript is expressly declared to give the judgment the same effect as a judgment rendered in the Circuit Court, so that it is to be enforced, discharged or cancelled in the same way. We held in *Davison v. Elliott, 9 Mich., R. 252,* that the effect of such a transcript and docketing was so complete, that the Circuit Court could

not allow an appeal from the judgment of the Justice although the power to grant such appeals from Justices' judgments is given in the broadest terms. If the right of the judgment creditor is lost upon such a judgment before it would be lost upon an ordinary Circuit Court judgment, it is manifest that the statute which, declares their effect to be the same has no meaning. And if the claim was in a condition to be enforced at all by legal proceedings against Thompson if he had lived, it cannot have any less efficacy because of his death. His estate has no better defense than he would have had himself.

It is not claimed that it could not have been enforced, had it been an original judgment in a Court of record. If so, it stands in the same position under the statute.

The judgment of the Circuit Court was correct and should be affirmed with costs.

The other Justices concurred.