## ROSEN *v.* TACKETT.

1. DOWER—EVIDENCE—ORAL TESTIMONY TO PROVE CONVEYANCE OF DOWER INTEREST INADMISSIBLE.

   In a suit to restrain the prosecution of an action of ejectment to recover defendant's dower rights in real estate conveyed by her as administratrix of her husband's estate, and to have the title to the property in controversy established in plaintiff free from all claims of dower, testimony as to all the negotiations leading up to the sale tending to show that defendant orally agreed to convey a title free from all liens, claims, and incumbrances was inadmissible under the rule that prior agreements

   222—Mich.—43.

are merged in the written instrument; and this is so though the parol understandings induced the making of the written contract.

2. SAME—ADMINISTRATRIX'S DEED CONVEYING INTESTATE'S INTEREST DOES NOT AFFECT DOWER RIGHTS.

A deed by a widow as administratrix of her husband's estate conveying "all the estate, right, title, and interest" of the intestate, vested in the grantee only the title which the intestate had and which upon his death descended to his heirs, and did not affect the widow's right of dower unless she had elected to take as an heir under the statute (3 Comp. Laws 1915, § 11795).

3. SAME—FRAUD—WIDOW CONVEYING AS HEIR MAY NOT THERE-AFTER CLAIM DOWER.

Where a widow, by her acts and conduct as administratrix in the sale of real estate belonging to her husband's estate, represented that she was an heir or was taking an heir's interest instead of dower and the grantee, relying thereon, purchased the property, accepted the administratrix's deed, and paid the full value of the property, it would be a fraud upon his rights to thereafter permit the widow to maintain her dower rights.

4. SAME—GRANTEE MAY SHOW ADMINISTRATRIX HAD NO DOWER INTEREST—EVIDENCE.

Although the plaintiff may not show that defendant orally agreed to convey her dower interest because in variance of the written contract, he would not be prevented from showing that she had no dower interest to convey, since such showing could be made without contradicting, varying, or adding to the terms of the written contract.

5. SAME—ESTOPPEL.

Acts and declarations of defendant which would lead a reasonably prudent man to the conclusion that she regarded her interest in the property as that of an heir under the statute rather than as that of dower would estop her from thereafter claiming dower rights.

6. SAME—CAVEAT EMPTOR—GRANTEE EXCUSED FROM INQUIRING AS TO DOWER BY ACTS OF ADMINISTRATRIX.

Although, under the principle of *caveat emptor*, plaintiff would be chargeable with notice of all that the records disclosed, and ordinarily it would be his duty to inquire as to dower, where the statutory time within which de-

fendant might take her interest as heir in lieu of dower had not expired, her acts and declarations tending to lead him to believe that she had elected to take as heir excused him from inquiring as to dower.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 19, 1923.     (Docket No. 120.) Decided April 27, 1923.

Bill by Isaac Rosen against Lura B. Tackett to restrain an action of ejectment, and to quiet title.     From a decree for plaintiff, defendant appeals.     Affirmed.

*Carpenter & Jackson* (*Bunker & Rogoski,* of counsel), for plaintiff.

*John G. Anderson,* for defendant.

McDONALD, J.     This action is brought to restrain the prosecution of an ejectment suit and to have the title to the property in controversy established in the plaintiff free from all claims of dower.     On the 5th of February, 1920, Marion F. Tackett died intestate in the city of Muskegon.     The property in question, known as the Tackett block, was a part of his estate. The defendant, who is the widow, and William C. Tackett, her son, were appointed administrators of the estate.     As such, on the 11th day of June, 1920, they entered into a written contract for the sale of the Tackett block to Isaac Rosen, the plaintiff herein.     In this agreement it was stipulated that if the probate court should permit the property to be sold at private sale they would give the plaintiff "a good and sufficient administrator's deed, also an abstract and tax history showing a good merchantable title in Marion F. Tackett, now deceased."     Nothing was said about the widow's dower interest.     Permission having been obtained to make the sale, the purchase price, $55,000, was paid, conveyance was made in accordance with

the agreement, and the plaintiff went into possession. Five or six months after the transaction was closed the defendant brought an action of ejectment to recover her dower interest.    Thereupon the plaintiff filed this bill.    Upon the hearing a decree was entered by the circuit court permanently restraining prosecution of the ejectment suit and quieting plaintiff's title to the premises in question.    From this decree the defendant has appealed.

In support of the decree counsel for the plaintiff contend that under our statute of descent the defendant was an heir, and as she signed the deed as administrator without any reservation of dower, all interest which she had in the property thereby passed to the plaintiff; that, if not, she is now estopped from asserting dower because of conduct and representations upon which plaintiff relied and by reason of which he was misled into believing that he was buying the property free from all claims and incumbrances.

In seeking to establish this claim the plaintiff was permitted to introduce in evidence all of the negotiations leading up to the making of the written agreement, intending thereby to show that the defendant orally agreed to convey a title free from all liens, claims and incumbrances.    In the making of the written contract there was no fraud or duress.    Plaintiff's attorney assisted in drafting it and approved it after it was drafted.    It is not imperfect nor ambiguous in any of its terms.    We must assume that it embraced the entire agreement of the parties.    It is a familiar rule of evidence that,

"All conversations and parol agreements between the parties prior to the written agreement are so merged therein that they cannot be given in evidence for the purpose of changing the contract or showing any intention or understanding different from that expressed in the written agreement."    3 Jones on Evidence (Blue Book), § 434, p. 152.

And this is so though the parol understandings induced the making of the written contract. *Gates* v. *Railway Co.*, 147 Mich. 523. This testimony which was received over defendant's objection was not competent and must be excluded from our consideration. The written agreement should be taken as the best evidence of the intention of the parties. It shows that it was made and executed by the defendant in her representative capacity as administratrix. It did not provide for a title free from her right of dower. The agreement was that she should show a good merchantable title in Marion F. Tackett, deceased. She furnished such a title. It further provided that she would give, "a good and sufficient administrator's deed." She gave such a deed, reciting the conveyance of, "all the estate, right, title and interest of the said Marion F. Tacket, deceased." This deed vested in the plaintiff only the title which the intestate had and which upon his death descended to his heirs. It did not affect the widow's right of dower unless she had elected to take as an heir, in which event she would have no dower and the deed would be sufficient to pass all of her interest in the property. Our statute of descent, so far as it is applicable to this question, reads as follows:

"Section 1. When any person shall die seized of any lands, tenements or hereditaments, or of any right thereto, or entitled to any right therein in fee simple, or for the life of another, not having lawfully devised the same, they shall descend, subject to his debts, in the following manner:

"*First.* One-third to his widow, and the remaining two-thirds to his issue. * * *

"*Fifth.* The provision hereinbefore made for the widow shall be in lieu of her dower and homestead right, unless she shall, within one year after letters of administration have been granted upon the estate of her deceased husband, begin proceedings for the assignment to her of such dower and homestead, in

which case her interest in the lands of her deceased husband, shall be limited to such dower and homestead, and the residue of such estate then descend as herein provided for the portion thereof not taken by such widow." * * * 3 Comp. Laws 1915, § 11795.

Under this statute, in a contingent sense only, was she an heir. She might elect to take a dower interest by beginning proceedings for the assignment of her dower. She had not made her election at the time of the sale and the statutory period in which she might do so had not expired. Therefore, her right of dower was not affected by the deed which conveyed only the title vested in the heirs. If, however, by her acts and conduct she impliedly represented that she was an heir or was taking an heir's interest instead of dower, and the plaintiff relying thereon made this contract, accepted the administrator's deed, and paid the full value of the property, we think it would be a fraud upon his rights to now permit her to maintain her dower. Counsel for the defendant contends that the rights and interest of the parties must be determined solely from the contract and deed, that, because of these writings, verbal acts which might constitute an estoppel cannot be shown. It is true that these written instruments prevent the plaintiff from showing that she verbally agreed to convey her dower, but they would not prevent him from showing that she had no dower. Such a showing could be made without contradicting, varying or adding to the terms of the written contract. It would be equally competent to show acts and declarations apart from the parol understandings, which would lead a reasonably prudent man to the conclusion that she regarded her interest in the property as that of an heir under the statute rather than as that of dower. If the testimony shows such acts and declarations they may be considered on the question of estoppel, but not as

establishing a contract different from that expressed in the writing. It appears from the evidence that, previous to any negotiations for the sale of the property in question, the plaintiff called upon the defendant for the purpose of buying her home. He asked if it was for sale. "Yes, Mr. Rosen, all of my property is for sale. I want to sell all of my interests in the city and leave." And on another occasion before he considered the purchase of the block the plaintiff was told: "We don't want any mortgages; we don't want any notes; we want to clean up everything in Muskegon, sell off all interests and leave the city." This and the fact that he was given a price which was the fair value of the entire property was indicative of her intention to elect to take her interest as an heir in lieu of dower. In all the negotiations nothing was said about dower, but other incumbrances were discussed. A further fact tending to show that defendant had decided to take as an heir appears in the arrangement she made with the tenants for a transfer to the plaintiff of all rents and income, reserving nothing for her individual benefit. Litigation was pending with one of the tenants. She entered into a written stipulation for a discontinuance in which there was the following provision:

"This stipulation is entered into on the express condition that it shall be null and void and of no effect in event Isaac Rosen fails to acquire an indefeasible title in fee simple to the real estate embracing the leased premises."

This is not a stipulation to which the plaintiff was a party, but it was entered into and signed by the defendant in his presence and for his benefit. It was made subsequent to the contract but more than a month before the deed was executed. It is rather convincing proof that she was not at that time claiming a dower interest, for the plaintiff could not receive

an "indefeasible title in fee simple," under the administrator's deed unless she was conveying as an heir.   Notwithstanding that there was no formal release of dower, the plaintiff believed he was getting the property free from all liens and incumbrances, and on this belief he paid full value for the property.   He was misled by the acts and declarations of the defendant.   In fact, everybody connected with the transaction, including the attorneys, acted on the assumption that she was conveying her interest as heir and that the administrator's deed was sufficient to give the plaintiff a good and merchantable title.   That the defendant herself believed so, and that her intention to assert dower rights was an afterthought, is clearly established by the evidence.   She testified that she thought nothing about it until some months after the transaction when her Chicago attorney advised her that she had not released her dower.   It is not denied that her son, William Tackett, who signed the deed with her as executor, and who represented her in the transaction with Rosen, said to Mr. Sanford:

"I have discovered that we have got Isaac Rosen in a pretty tight pinch, and I think that we can buy him out cheap on that property that we sold to him. You know there is a lot of attorneys around this town that don't seem to know very much about their business, and we have discovered that we didn't sell all that property to them, and we are going to take advantage of it."

Mr. Sanford said to him:   "I understood that Rosen was to acquire a good title of that property," and he said:   "Well, that is the way I understood it, too, but we found out since that he didn't get a good title and we are going to squeeze him."

As a first step in the squeezing process the defendant filed a petition in the probate court for the assignment of her dower.   This was denied.   She then be-

gan her ejectment suit.    We think the defendant is estopped from now electing to take a dower interest in the property.    In reaching this conclusion we have not overlooked the claim of counsel for the defendant that this is a judicial sale, that the doctrine of *caveat emptor* applies and the purchaser buys at his peril.    This doctrine is recognized and applied to judicial sales in this State.

"But although the rule of *caveat emptor* requires the purchaser to inform himself as to all the facts which he can ascertain by the exercise of reasonable diligence, it does not charge him with notice of that which cannot be learned from an inspection of the records.    Secret defects are to him no defects at all." 2 Woerner's American Law of Administration (2d Ed.), § 484.

Applying the principle of *caveat emptor* to the instant case, the plaintiff must be charged with notice of all that the records disclosed.    The records showed that Marion F. Tackett died intestate leaving a widow and three children; that the widow had made no election whether to take her interest as heir or to have her dower assigned, and that the statutory time in which she might do so had not expired.    Of these and every fact shown by the records he was bound to take notice, but the records could give him no information of her intentions as to the exercise of the election given her under the statute.    In the exercise of reasonable diligence, however, it was his duty to inquire as to her dower, but we think he is excused from taking that precaution by reason of the acts and declarations of the defendant.    She knew that he was paying full value for the property in the belief that he was receiving a title free from every claim and incumbrance, except such as he assumed.    She says that she was selling only the interests of the heirs. Under the statute she was an heir with a third in-

terest in the estate, unless she elected to take dower. She led him to believe that she would not elect to take dower and thus induced him to pay the full value for the property, and to accept an administrator's deed. In view of these facts she is now estopped from making a different election. To allow her to maintain her dower at this time would work a fraud upon the rights of the plaintiff. This a court of equity will not permit.

The decree is affirmed. Plaintiff will have costs.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.