DOMBY *v.* HEATH.

1. DEEDS—SETTING ASIDE—PARTIES.
   The grantor as well as the grantee of a deed, and the estate
   of either or both that may be deceased, must be joined as a
   party in order to grant relief in a suit to set such deed aside.

2. APPEAL AND ERROR—DE NOVO REVIEW—NONJOINDER OF PARTIES.
   Appeal in a suit to set aside a deed is heard *de novo* and where
   final determination of appeal may be made on grounds other
   than nonjoinder· of necessary parties, that basis is not used
   for decision.

3. EXECUTION—DURATION OF LIEN.
   Execution and levy on a property becomes void as a lien at
   the expiration of 5 years where nothing is done to follow
   up the levy as a lien (CL 1948, § 623.84).

4. ESTATES OF DECEDENTS—INVENTORY.
   Property not owned by an intestate at time of his death be-
   cause conveyed away during the lifetime of an intestate
   should not be inventoried as a part of his estate.

5. EXECUTORS AND ADMINISTRATORS—SALE OF ESTATE.
   The most that an administrator may sell of an intestate's
   property is the interest of the intestate as the administrator's
   deed could only vest the grantee with such title as the
   intestate had, which upon his death would otherwise descend
   to his heirs.

6. DEEDS—FRAUD—BURDEN OF PROOF—JUDGMENT CREDITORS OF
   GRANTOR.
   Burden of proof that deed to defendant from his father was
   fraudulent was not sustained where plaintiffs, judgment
   creditors of the father, failed to establish by a preponder-     ·

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur, Fraudulent Conveyances, §§ 151, 204, 205.
[4] 21 Am Jur, Executors and Administrators, § 173.
[5] 21 Am Jur, Executors and Administrators, § 568.
[6] 24 Am Jur, Fraudulent Conveyances, §§ 217, 225.

ance of the evidence that grantee perpetrated any fraud upon plaintiffs either by paying his father for the property in question and receiving questioned deed or that he was a party to the fraud practiced upon plaintiffs by the father and his wife at time of purchase of property from plaintiffs about 9 years before purchase by defendant.

7. Same—Fraud—Clear Title.

Conveyance by father to son, defendant in suit by judgment creditors of father, now deceased, is upheld where such deed was not fraudulent and the title declared free and clear of all claims of any kind by plaintiffs, on son's cross bill for such purpose in their suit to set aside the deed from the father to the son.

Appeal from Shiawassee; Lyons (Willis L.), J. Submitted January 3, 1950. (Docket No. 4, Calendar No. 44,601.) Decided February 28, 1950.

Bill by Alex Domby and wife against James Heath to set aside deed. Cross bill by defendant against plaintiffs to quiet title to real estate. Decree dismissing both bill and cross bill. Defendant appeals. Plaintiffs cross-appeal. Reversed and decree entered for defendant.

*James M. Teahen, Jr.,* for plaintiffs.

*V. O. Braun* and *Kenneth B. Kelly,* for defendant.

Boyles, C. J. Plaintiffs filed this bill of complaint and supplemental bill to set aside a certain deed, claiming that it was a voidable cloud on their title to certain land. After denial of a motion to dismiss, the defendant filed answer setting up affirmative defenses and a cross bill asking for a decree that he had title to the land in question free from any claims by the plaintiffs. The court entered a decree dismissing both the bill of complaint and the cross bill, "without prejudices to such further ac-

tion or proceeding to be taken by either of the parties, touching the subject matter of said cause." The defendant appeals, and plaintiffs cross-appeal.

Plaintiffs' bill of complaint is somewhat in the nature of a judgment creditor's bill. About 10 years previous to 1929 plaintiffs purchased on a land contract the property which is the subject of this action, a farm of less than 20 acres. They made payments until 1929 when they traded their equity in the property and assigned their land contract to Charles and Louella Heath. In 1932 they started suit in the circuit court for Shiawassee county against Charles and Louella Heath and one Daniel Jones, claiming they had been defrauded in the aforesaid transaction. On December 5, 1932, they had judgment against the defendants in that case for $1,600. On May 3, 1938, an execution was issued on that judgment, plaintiffs levied on the property in question, and caused a notice of the levy to be recorded in the office of the register of deeds for said county. Nothing further has ever been done with that execution or levy.

On October 15, 1938, Louella Heath secured a decree of divorce from Charles Heath. At that time they had a joint deed to said property. By the terms of the decree, Charles Heath was decreed to have said property and to pay Louella Heath $350 as permanent alimony. Charles Heath did not have the $350. His son James Heath, appellant herein, bought said property, paid $350 to his father for it, and Charles Heath then paid the $350 to Louella Heath. He received from her a quitclaim deed of said property on October 15, 1938, and on the same date he deeded the same to James Heath. Said deed was duly recorded at that time and this is the deed which plaintiffs seek to have set aside.

Charles Heath died in 1939. In 1942, on petition of plaintiffs as creditors, an administrator was ap-

pointed for the estate of Charles Heath, who filed an inventory listing the property in question as belonging to Charles Heath at the time of his death, notwithstanding that Charles Heath had deeded the property to appellant James Heath in 1938. The inventory and appraisal showed that the value of the property was $500. At the hearing on claims in that estate the plaintiffs filed their judgment as a claim against the Charles Heath estate, and had it allowed in the amount of $2,449. Hearing on claims was closed, the probate court determined that the administrator had on hand sufficient assets to pay all claims allowed, and ordered them paid.

On September 30, 1946, the administrator filed a petition for license to sell the deceased's interest in said farm. On the following day the administrator by his attorney filed a writing withdrawing the petition for license to sell. However, a license to sell was granted by the probate court on November 26, 1946, without another petition being filed or the old one renewed. Thereupon the administrator sold said property at private sale to the plaintiffs herein for $1,800, but that money was never paid to the administrator. On March 7, 1947, the administrator conveyed the fee to plaintiffs, which deed was duly recorded. The plaintiffs then started this case and filed their bill of complaint. But because said administrator's deed purported to convey the fee, instead of merely the interest of the decedent in said property, a petition was filed in probate court for a rehearing on the sale of said property. On July 1, 1947, the probate court entered an order setting aside the administrator's deed, the administrator's report of sale, and the order confirming the sale, and allowed the administrator 30 days to make a new report of sale and file a copy of a deed showing a transfer only of such interest as the deceased had in said property at the time of his death. After the 30 days had

expired the administrator filed a new report of sale with copy of deed, and it was confirmed by the probate court.

Plaintiffs then filed a supplemental bill of complaint setting up the new circumstances which had occurred since the bill was filed, and the defendant filed his answer to the bill of complaint and supplemental bill as hereinbefore stated, setting up affirmative defenses, with a cross bill seeking to quiet the title in defendant. The cause came on for trial on September 29, 1947, defendant's motion to dismiss having been denied previous to the trial. The circuit judge, after hearing the proofs, filed an opinion for dismissal of both the bill of complaint and defendant's cross bill, without prejudice, as before stated, and a decree was entered accordingly.

The gist of plaintiffs' claim is that the deed of this property executed by Charles Heath to the defendant James Heath on October 15, 1938, duly delivered to the grantee and recorded, was a fraud upon the rights of the plaintiffs, is voidable, and that it should be declared void and set aside. In that connection, it should be noted that in any action to set aside a deed from Charles Heath as grantor to James Heath as grantee, Charles Heath (or his estate if he was deceased) must necessarily be joined as a party defendant before any such relief could be granted. However, on this appeal we hear the case *de novo* and it may be decided with finality, on grounds other than a nonjoinder of parties.

Charles Heath owned said property at the time the deed in question was given to the defendant James Heath. It was given for actual consideration, which was paid to Charles Heath by the defendant and used by Charles Heath to comply with the alimony requirements in the decree of divorce. While plaintiffs had obtained their judgment against Charles and Louella Heath on December 5, 1932,

they did not take out an execution and levy on the property until May 3, 1938, and nothing further was done to follow up the levy as a lien. It became void as a lien at the expiration of 5 years, namely, on May 3, 1943. CL 1948, § 623.84 (Stat Ann § 27.1583).

The defendant claims the inventory which was filed in the estate of Charles Heath listing this property in the estate of Charles Heath was part of a conspiracy entered into by plaintiffs and the administrator to defraud defendant out of the title to the property which he had acquired from his father, the owner, by conveyance dated October 15, 1938. In the probate court, plaintiffs filed their judgment as a claim, but not as a preferred claim or as a lien on the property. The property was not owned by Charles Heath at the time of his death, he had conveyed it away during his lifetime, and it should not have been inventoried as a part of his estate. Notwithstanding that fact, plaintiffs proceeded to have the administrator go through with the form of obtaining a license to sell the property, and to give them an administrator's deed in pursuance thereof. The most that the administrator could sell was *the interest of Charles Heath,* if any, in said property. The administrator's deed could vest in the plaintiffs only such title as the intestate had, which upon his death would otherwise descend to his heirs. *Rosen* v. *Tackett,* 222 Mich 673, 677 (30 ALR 939). If Charles Heath had no title or interest, the administrator could convey none. The defendant claims that the entire probate proceedings whereby the plaintiffs claim they got title to the property in question failed to convey any such title. There is merit in the claim. There is no claim that the defendant James Heath was a party to the fraud as a result of plaintiffs' obtaining a judgment against Charles and Louella Heath, in 1932. Plaintiffs have not established by a preponderance of the evidence

that James Heath perpetrated any fraud against them when he paid his father $350 for the farm in 1938 and received a deed from his father for the property here in question. We find that the plaintiffs have not sustained the burden of proving that the deed from Charles Heath to the defendant was fraudulent, or that it should be set aside.

The defendant, by his cross bill, asked that he be decreed to have title to the property in question free and clear from any claims by the plaintiffs-cross-defendants, and that any deed or conveyance to them purporting to convey to them any interest in said property be declared void and set aside. Other grounds asserted by the defendant-appellant for relief, challenging the procedure in the probate court, claims that plaintiffs are guilty of laches, that their claims are barred by the statute of limitations, or that the claims of plaintiffs be decreed to be founded on fraud, do not need consideration. The conveyance of the property from Charles Heath to the defendant was not fraudulent and it is upheld.

The decree entered in the circuit court dismissing both the bill of complaint and cross bill will be set aside and a decree entered in this Court for the defendant setting aside any cloud on his title on account of any claims asserted by the plaintiffs and decreeing the title of the defendant is free and clear of all claims of any kind by the plaintiffs, with provision for recording the same. Costs to defendant-appellant.

REID, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.