KELLEY *v.* KELLEY.

1. DEEDS—DELIVERY—EVIDENCE—RECORDING.

Delivery of deed was effected by grantor where he caused it to be recorded and record discloses he expressed an intention that title pass at once.

2. SAME—WIDOW—ESTOPPEL.

Plaintiff widow was estopped from raising question as to whether 69-year-old deceased husband's deed of his farm to his 2 adult sons a day or two before proposing marriage to her and 5 or 6 days before she accepted proposal was in fraud of her dower rights, where some time after the marriage deceased, in presence of plaintiff, sought to alter reserved life estate in himself to survivor of himself and bride and, being unsuccessful, willed her his entire personal estate.

3. SAME—ESTOPPEL—WIDOW—EVIDENCE—TESTATOR'S ATTORNEY.

Testimony of deceased testator's attorney who drew will was admissible in widow's suit to set aside deed whereby testator conveyed his farm to his 2 adult sons a few days before marriage to plaintiff in order to show that deceased was satisfied he had nothing to which dower could attach and, for that reason, made testamentary provision for plaintiff to the detriment of his sons and that she, in thus permitting deceased to act, became estopped from challenging validity of deed to sons after testator's death; such testimony not serving to alter or amend the will or to show testator intended to put plaintiff to her election between dower or taking under the will.

Appeal from Barry; McDonald (Archie D.), J. Submitted June 11, 1952. (Docket No. 70, Calendar No. 45,524.) Decided January 5, 1953.

Bill by Margaret M. Kelley against Merle B. Kelley and another to have deed to real estate declared

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur, Deeds §§ 135–137.
[2, 3] 17 Am Jur, Dower § 79.

invalid. Decree for defendants. Plaintiff appeals.
Affirmed.

*Cobb, Wilder & Nielsen,* for plaintiff.

*Leo W. Hoffman* and *Adelbert Cortright,* for defendants.

Dethmers, C. J. On December 28, 1949, Frederick
P. Kelley, then a 69-year-old widower of 4 months'
standing, now deceased, said to plaintiff, 10 years
his junior, "Why don't you come to California with
me?" Plaintiff thought he was joking, thought nothing of it, considered it "just conversation." Nothing
was said between them that day or at any previous
time about marriage. They were not then close
friends and had seen each other only a few times
before. On December 29th deceased deeded his farm
to his 2 adult sons, the defendants, reserving a life
estate unto himself, and on the next day caused the
deed to be recorded in the office of the register of
deeds. On December 31st, for the first time, he proposed marriage to plaintiff and at the outset she
took it as a joke, but later realized that he was serious
about it. She did not accept the proposal at that time
and on January 1, 1950, had not yet made up her
mind to marry him, but "left it this way," that she
would think it over and, if he did not hear from her
to the contrary before January 4, 1950, he could call
for her at her home on that date for the purpose of
going to Indiana to be married. Plaintiff did not see
deceased, nor did they hear from each other, from
January 1st until January 4th, on which latter date
he came for her and they went to Indiana and were
married. A few days later they went to California.

After their return to Michigan, a meeting between
plaintiff, the 2 defendants, the deceased and his lawyer occurred in the latter's office. At that meeting

deceased requested defendants to return the farm so that he could reconvey it to them with a reservation of a life estate for both himself and plaintiff. Defendants refused to sign a deed for that purpose. Thereupon, in the presence of plaintiff, deceased stated that he could not force defendants to deed the farm back and that inasmuch as he could not give plaintiff a life estate in the farm, which was no longer his, he was going to give her all the rest of his property (personal) instead. The attorney advised that he accomplish this purpose by will and, plaintiff making no objection to all this but speaking agreeably thereto to the extent of saying that whatever was his was hers and whatever was hers was his and making mention of drawing 2 wills, 1 for her also, deceased forthwith executed a will accordingly, leaving to plaintiff all his property, stating at that time that his personalty was worth more than $10,000. (After his death it proved to be worth $16,000, subject to debts of about $5,000.) A few months later deceased died and plaintiff offered said will for probate and, ever since, has claimed to be entitled under it to all of deceased's property.

Plaintiff filed her bill of complaint herein, alleging that the deed to defendants was never delivered, or, if delivered, that it was in fraud of her dower interests, and praying that it be set aside and the farm decreed to be a part of deceased's estate passing to plaintiff under the will, or, in the alternative, that a dower interest therein be set aside and assigned to her.

We think the recording of the deed by deceased, coupled with what the record discloses to have been an expressed intention by him that title pass at once, effectually disposes of plaintiff's claim of nondelivery. *Flood* v. *Flood,* 295 Mich 366; *Griffin* v. *Hovey,* 179 Mich 104; *Blanchard* v. *Kingston,* 222 Mich 631.

Whether conveyance of his real estate and recording of the deed by deceased a day or two before his proposal of marriage and 5 or 6 days prior to plaintiff's acceptance thereof can be said to be in fraud of her dower interests presents an interesting question. We think it need not be determined here for the reason that in our view plaintiff is estopped to raise the question by reason of the facts and circumstances attendant on the execution of deceased's will as previously noted. In so holding, we do not consider the situation to have been one of a present agreement between plaintiff and deceased when the latter's will was made that plaintiff would forego dower, nor even of a widow's election under the statute (CL 1948, § 702.69 [Stat Ann 1943 Rev § 27.3178(139)]), after the death of deceased, to take under the will in lieu of dower. Rather, it is a matter of equitable estoppel affirmatively pleaded by defendants. When plaintiff, knowing deceased to be a man of almost 70 years of age with 2 grown sons and other heirs at law, permitted him without objection, to cut them off from any interest in his estate and to leave all his property to her for the reason expressly stated by deceased, namely, that the sons already owned the farm so that he could not create for plaintiff or leave to her any interest therein, she, in effect, caused him to act, as he apparently would not otherwise have done, to the detriment of the natural objects of his bounty, love and affection, the defendants. Had she intended to question the validity of the conveyance to defendants, then was the time when she should have spoken out. Instead, she allowed deceased to be lulled into the belief that she shared his view that the farm was legally beyond their reach and that, for that reason, his provision for her, if any, would have to be made from his personalty, with the result that he executed the very will under which plaintiff now asserts her claim not only to his whole estate but to

the entire farm as well. For cases on estoppel, cited by defendants in this connection, see *Rosen* v. *Tackett,* 222 Mich 673 (30 ALR 939); *Bishop* v. *Hartman,* 325 Mich 115; 29 ALR 226, 229, 230; *Detroit Savings Bank* v. *Loveland,* 168 Mich 163; *Kole* v. *Lampen,* 191 Mich 156.

In support of her contention that deceased's attorney should not have been permitted to testify concerning deceased's statements made when the will was executed and facts and circumstances surrounding the event, plaintiff cites authorities to the effect that extrinsic evidence may not be permitted to show an intention of the testator, not expressed in the will, to put the widow to her election or that the testamentary provisions be in lieu of dower, or to amplify, modify or alter the terms of the will or supply omissions therefrom. The cited authorities fail to establish plaintiff's contention. The challenged testimony given by the attorney did not serve to alter or amend the will or to show that testator intended to put plaintiff to her election between dower or taking under the will. Rather, it was offered to show that the deceased was satisfied that he had nothing to which dower could attach and, for that reason, made testamentary provisions for plaintiff and that she, in thus permitting deceased to act, as previously pointed out, to the detriment of defendants for plaintiff's benefit, thereby became estopped from challenging the validity of the deed to defendants after the death of deceased. For that purpose the testimony was admissible.

Decree dismissing plaintiff's bill of complaint affirmed, with costs to defendants.

BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Justice NORTH did not sit.