MICHIGAN NATIONAL BANK & TRUST COMPANY v MORREN

Docket No. 130543. Submitted December 10, 1991, at Grand Rapids. Decided May 19, 1992, at 9:25 A.M. Leave to appeal sought.

Michigan National Bank & Trust Company and Louise Brummel, as personal representatives of the estate of Marvin R. Brummel, deceased, brought an action in the Kent Circuit Court against Jay and Kathleen Morren, seeking to quiet title to certain property purchased by the estate and to recover damages for slander of title. The property was originally owned by Jerry and Barbara VanHouten, who executed a mortgage on the property in favor of the defendants in 1983. The defendants did not record the mortgage at that time in accordance with Mr. VanHouten's request. In 1984, the VanHoutens granted Marvin and Louise Brummel a mortgage interest in the property in exchange for Mr. Brummel's personal guaranty of a bank loan. Mr. VanHouten informed Mr. Brummel of the prior unrecorded mortgage held by the defendants before executing the mortgage to the Brummels and asked him not to record his mortgage. Mr. Brummel complied. Mr. Brummel died on February 3, 1987, and the Brummels' mortgage was recorded on February 24, 1987. The plaintiffs, as personal representatives of Marvin Brummel's estate, purchased the property on May 6, 1987, and the deed was recorded the next day. The defendants recorded their mortgage in October 1987. The court, Dennis B. Leiber, J., determined that the estate acquired the property subject to the 1983 mortgage given by the VanHoutens to the defendants and granted the defendants summary disposition of the plaintiffs' claim of slander of title. The plaintiffs appealed.

The Court of Appeals *held:*

1. MCL 565.29; MSA 26.547 provides that unrecorded conveyances of real estate, including mortgages, are void against a subsequent purchaser in good faith and for a valuable consideration whose conveyance is recorded first. A good-faith purchaser is one who purchases without notice of a defect in the vendor's title. Because Marvin Brummel had notice that the defendants had a prior unrecorded mortgage, he was not a good-faith purchaser. The court did not err in finding that Mr. Brummel's notice of the prior mortgage was imputed to his

estate and that the estate likewise was precluded from being a good-faith purchaser.

2. The claim of slander of title properly was dismissed. In order to maintain an action for slander of title, a plaintiff must show that the defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury. There is no evidence in this case that the defendant's lien was invalid.

Affirmed.

*Borre, Peterson, Fowler & Reens, P.C.* (by *Frank H. Johnson*), for the plaintiffs.

*Varnum, Riddering, Schmidt & Howlett* (by *Carl Oosterhouse* and *Perrin Rynders*), for the defendants.

Before: DANHOF, C.J., and NEFF and REILLY, JJ.

PER CURIAM. Plaintiffs, personal representatives of the estate of Marvin R. Brummel, deceased, brought an action in the Kent Circuit Court to quiet title to certain property purchased by the estate and seeking damages from defendants for slander of title. The circuit court, in a declaratory judgment, determined that the estate had acquired the property subject to a 1983 mortgage given by the previous owner to defendants, and granted defendants' motion for summary disposition of plaintiffs' claim of slander of title. Plaintiffs appeal as of right, and we affirm.

The property that is the subject of this dispute was originally owned by Jerry and Barbara Van-Houten. In 1983, the VanHoutens executed a mortgage on the property in favor of defendants as security for a $20,000 loan. Mr. VanHouten asked defendants not to record the mortgage, and they complied.

In 1984, the VanHoutens granted Marvin and Louise Brummel a mortgage interest in the same property in exchange for Mr. Brummel's personal

guaranty of a $30,000 loan from the Byron Center State Bank. Mr. VanHouten asked Mr. Brummel not to record the mortgage, and he also complied. In an affidavit submitted by defendants, Mr. Van-Houten stated that before executing the mortgage to the Brummels he told Mr. Brummel about the existence of the prior unrecorded mortgage held by defendants. Louise Brummel submitted an affidavit stating that she was aware that her husband guaranteed a note for the VanHoutens and that the VanHoutens gave her husband a mortgage on the property. However, she did not know until after her husband's death in 1987 that her name was included on the mortgage. Louise Brummel stated that she did not receive notice from the VanHoutens regarding the prior unrecorded mortgage.

Mr. Brummel died on February 3, 1987, and the Brummel mortgage was recorded on February 24, 1987. On May 6, 1987, plaintiffs, as personal representatives of Marvin Brummel's estate, purchased the VanHouten property for $115,000. The deed was recorded on May 7, 1987. Defendants did not record their mortgage on the VanHouten property until October 1987.

Louise Brummel stated in her affidavit that she first became aware of defendants' mortgage when a title search was done in November 1987, in preparation for the sale of the property. Plaintiffs then brought an action to quiet title and for slander of title. The trial court found that plaintiffs' interest in the property was subject to the mortgage lien held by defendants. The court reasoned that Marvin Brummel's notice of the prior mortgage was imputed to his estate. Because Marvin Brummel could not have been a bona fide purchaser, the estate should be placed in the same position. Additionally, the trial court found that

Marvin Brummel's knowledge of defendants' mortgage could be imputed to Louise Brummel because the second mortgage was also in her name.

I

Actions to quiet title are equitable in nature and are reviewed by this Court de novo. *Grand Rapids v Green,* 187 Mich App 131, 135; 466 NW2d 388 (1991). The factual findings of the trial court are reviewed for clear error. *Id.* A court acting in equity "looks at the whole situation and grants or withholds relief as good conscience dictates." *Hunter v Slater,* 331 Mich 1, 7; 49 NW2d 33 (1951).

Both parties agree that the analysis of this issue begins with MCL 565.29; MSA 26.547, Michigan's race-notice statute, which provides in pertinent part:

> Every conveyance of real estate within the state hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded.

A good-faith purchaser is one who purchases without notice of a defect in the vendor's title. *Simon v Brown,* 38 Mich 552, 555 (1878). See also *Lakeside Associates v Toski Sands,* 131 Mich App 292, 298; 346 NW2d 92 (1983).

In this case, it is unrefuted that plaintiffs' decedent, Marvin Brummel, had notice that defendants had a prior unrecorded mortgage on the Van-Houten property. Accordingly, he could not be a good-faith purchaser under the statute. Under the circumstances of this case, we do not believe that

the trial court clearly erred in finding that plaintiffs, as personal representatives of Marvin Brummel's estate, were likewise precluded from being good-faith purchasers.

As personal representatives of Brummel's estate, plaintiffs were responsible for the management and distribution of the estate's assets. See, e.g., *In re Rice Estate,* 138 Mich App 261, 269; 360 NW2d 587 (1984). Plaintiffs were acting as personal representatives of the estate when they bought the VanHouten property with estate funds.[1] Although the parties have not cited, and we have not found, any case law addressing the exact issue presented in this case, the precedent we have reviewed indicates that personal representatives traditionally have been held to stand in the place of the decedent with respect to the decedent's property or claims.[2] Accordingly, we agree with the trial court that it would be inequitable to allow plaintiffs, as the personal representatives of Marvin Brummel's estate, the status of a good-faith purchaser when Brummel himself would not have qualified for that status.

---

[1] Although the details of the purchase transaction are not provided in the record, it appears that the mortgage given by the VanHoutens to the Brummels was still outstanding at the time of the purchase.

[2] See, e.g., *Arnold v Thompson,* 19 Mich 333 (1869) (The estate of a deceased judgment debtor has no better defense to the claims of creditors than the deceased would have had if he had lived.), *Detroit v Stafford,* 320 Mich 6, 14; 30 NW2d 410 (1948) (An executor of an estate stands in the shoes of his testator with respect to personal property and his ownership is only a continuation of the ownership of the deceased.), *Domby v Heath,* 327 Mich 29; 41 NW2d 325 (1950) (An administrator of an estate could only deed such title as the intestate had at the time of his death.), *In re Traub Estate,* 354 Mich 263, 279; 92 NW2d 480 (1958), and *Ballard v Southwest Detroit Hosp,* 119 Mich App 814, 817; 327 NW2d 370 (1982) (A valid contract entered into by the deceased is binding upon the deceased's personal representative.). See also MCL 700.613; MSA 27.5613, which provides that where a mortgagee of real estate dies without having foreclosed the mortgage, the personal representative "may foreclose the mortgage, and have any other remedy for the collection of the debt which the decedent would have had if living."

II

Next, plaintiffs argue that the trial court erred in dismissing their claim of slander of title. We disagree.

In order to maintain an action for slander of title, a plaintiff must show that the defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury. *Stanton v Dachille,* 186 Mich App 247, 262; 463 NW2d 479 (1990). In this case, although defendants recorded their mortgage interest after plaintiffs purchased the property, there is no indication in the record that defendants' mortgage lien is invalid in any way. Accordingly, we conclude that plaintiffs' claim of slander of title was properly dismissed.

Affirmed.