# STATE OF MICHIGAN

# COURT OF APPEALS

---

CITIMORTGAGE, INC.,

        Plaintiff-Appellant,

v

FMM BUSHNELL, L.L.C. and FMM
BUSHNELL GREAT LAKES, L.L.C.,

        Defendants-Appellees,

and

DR. RAMOTSUMI M. MAKHENE and
VELYNDA R. MAKHENE,

        Defendants.

UNPUBLISHED
December 23, 2014

No. 317422
Genesee Circuit Court
LC No. 12-098516-CH

---

Before: O'CONNELL, P.J., and BORRELLO and GLEICHER, JJ.

O'CONNELL, P.J. (*concurring in part and dissenting in part*).

In this declaratory judgment action, I concur with the majority opinion that the trial court clearly erred by determining that defendants, FMM Bushnell, LLC and FMM Bushnell Great Lakes, LLC (collectively, the Bushnell defendants), were entitled to summary disposition. I also agree with the majority opinion that, prior to the issuance of Citizens Bank's second mortgage, Citizens knew that its mortgage would be subordinate to the mortgage the Makhenes owed to ABN-AMRO. Further, I agree that Citizens and its assignees, the Bushnell defendants, are not bona fide purchasers for value of the Citizens mortgage. But I vehemently disagree with the remedy suggested by the majority opinion. I would reverse the lower court judgment for the Bushnell defendants and grant summary judgment for plaintiff.

In the present case, Citizens discharged their second mortgage at the request of their client, the Makhenes. The sole purpose of this discharge was to subordinate their loan to the ABN-AMRO first mortgage. Once the ABN-AMRO mortgage was recorded, Citizens agreed to refile its mortgage and resume its position as a second mortgage.

Unfortunately, through a clerical error, Citizens's second mortgage beat ABN-AMRO's first mortgage to the Register of Deeds office. Citizens then wisely assigned its mortgage to the

-1-

Bushnell defendants. The Bushnell defendants now claim that they are good faith purchasers for value and, since their mortgage was recorded first, they have priority over the ABN-AMRO mortgage now held by plaintiff.

The Bushnell defendants' argument is meritless. They are not good faith purchasers. "[A] later interest holder may take priority over a prior conveyed interest only if the later interest holder takes in good faith." *Coventry Parkhomes Condo Ass'n v Fed Nat Mtg Ass'n*, 298 Mich App 252, 256; 827 NW2d 379 (2012) (quotation marks omitted). "[A]n assignee stands in the shoes of the assignor, acquiring the same rights and being subject to the same defenses as the assignor." *Id*. at 256-257. If a property owner had notice of a prior unrecorded mortgage on the property, the owner could not have been a good-faith purchaser under the race-notice statute. *Mich Nat'l Bank & Trust Co v Morren*, 194 Mich App 407, 410; 487 NW2d 784 (1992).

In this case, the Bushnell defendants stand in the shoes of Citizens. They are charged with the knowledge that Citizens intended its mortgage to be subordinate to the ABN-AMRO mortgage. The Bushnell defendants' mortgage is not entitled to priority merely because it was filed first, as the Bushnell defendants do not qualify as a good-faith purchaser for value. Plaintiff, as the prior interest holder, has priority over the Bushnell defendants.

Equity requires that we reverse the trial court with directions to enter judgment for plaintiff; in this manner, all parties are placed back in the positions that they had originally agreed to assume. Simply assigning a mortgage to a third party does not give the third party (here, the Bushnell defendants) any greater rights than the assignor (here, Citizens).

In conclusion, since it is crystal clear from this record that Citizens intended its mortgage to be a second mortgage, I would reverse the trial court's grant of summary judgment to the Bushnell defendants and order the trial court to grant summary judgment to plaintiff.

/s/ Peter D. O'Connell