# STATE OF MICHIGAN

# COURT OF APPEALS

JP MORGAN CHASE BANK, N.A.,

Plaintiff-Appellee,

v

STACEY BAYLE,

Defendant,

and

BRENDA YONKMAN,

Defendant-Appellant.

UNPUBLISHED
April 26, 2016

No. 325544
Muskegon Circuit Court
LC No. 13-049307-CH

Before: SAAD, P.J., and BORRELLO and GADOLA, JJ.

GADOLA, J. (*concurring in part and dissenting in part*).

I agree with the majority that Yonkman did not hold a vendor purchase money mortgage; however, I respectfully disagree that there is a genuine issue of material fact regarding whether Yonkman held a third-party purchase money mortgage. Accordingly, I would affirm the trial court's order granting JP Morgan's motion for summary disposition in its entirety.

This Court reviews de novo a motion for summary disposition under MCR 2.116(C)(10), which tests the factual support of a claim. *Lakeview Commons Ltd Partnership v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010). In reviewing a motion under MCR 2.116(C)(10), courts consider any affidavits, pleadings, depositions, admissions, or other documentary evidence submitted in a light most favorable to the nonmoving party. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the evidence shows that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

The moving party bears the initial burden of supporting its position with affidavits, depositions, pleadings, admissions, or other documentary evidence. *Quinto*, 451 Mich at 362. If the moving party satisfies its burden, the evidentiary burden shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Id.* When the burden of proof on a dispositive issue rests on the nonmoving party, the nonmoving party may not rely on mere allegations to survive summary disposition and must set forth specific facts and documentary

evidence showing that a genuine issue of material fact exists. *Id.*; see also *Etter v Mich Bell Tel Co*, 179 Mich App 551, 555; 446 NW2d 500 (1989).

A purchase money mortgage is a "mortgage or security device taken back to secure the performance of an obligation incurred in the purchase of the property." *Graves v American Acceptance Mtg Corp*, 469 Mich 608, 613; 677 NW2d 829 (2004) (citation and quotation marks omitted). To constitute a purchase money mortgage, "[t]he mortgage must have been given at the time of purchase of the security so as to constitute one transaction, and the proceeds must have been used by the mortgagor to purchase the security, in whole or in part." *Id.* at 614.

Under Michigan's race-notice statute, MCL 565.29, "the holder of a real estate interest who first records his or her interest generally has priority over subsequent purchasers." *Richards v Tibaldi*, 272 Mich App 522, 539; 726 NW2d 770 (2006). However, if the holder of an interest in real estate fails to record its interest, that interest is deemed void as against any subsequent good faith purchaser for value, whose conveyance was first duly recorded. *Coventry Parkhomes Condo Ass'n v Fed Nat'l Mtg Ass'n*, 298 Mich App 252, 256; 827 NW2d 379 (2012). "A good-faith purchaser is one who purchases without notice of a defect in the vendor's title." *Mich Nat'l Bank & Trust Co v Morren*, 194 Mich App 407, 410; 487 NW2d 784 (1992).

In this case, there is no genuine issue of disputed fact that the mortgage held by JP Morgan is a third-party purchase money mortgage, or that Yonkman was aware of this mortgage when Bayle purchased the subject property on June 14, 2007. Accordingly, if Yonkman's mortgage arose after closing, she could not be considered a subsequent good faith purchaser without notice. The majority concludes, however, that there is a genuine issue of material fact regarding whether Yonkman held a third-party purchase money mortgage, which, if true, would mean that her interest arose simultaneously with JP Morgan's interest, and she could not be classified as a "subsequent purchaser" for purposes of the race-notice statute.

The record contains weighty evidence in support of JP Morgan's contention that Yonkman was not a third-party purchase money mortgagee whose interest arose simultaneously with its own. The Yonkman mortgage is dated June 22, 2007, several days after Bayle purchased the subject property. The majority asserts that the mortgage could not have been executed on June 22, 2007, because it was recorded on June 19, 2007. However, the mortgage was also notarized on June 22, 2007, and called for monthly loan payments by "the 22nd day of each month."[1] Further, a U.S. Department of Housing & Urban Development (HUD) settlement statement signed by both Bayle and Yonkman summarized the purchase transaction and referenced the Chase mortgage, but did not acknowledge a mortgage in favor of Yonkman. Bayle also agreed at the time she executed the Chase mortgage that the subject property was "unencumbered, except for encumbrances of record." Considering this evidence, JP Morgan established its burden of proving that a mortgage in favor of Yonkman did not arise prior to or

---

[1] Pursuant to MCL 565.201(1)(c), an instrument conveying an interest in property cannot be properly recorded by the register of deeds of any county unless it bears the "name of any notary public whose signature appears upon the instrument."

simultaneously with its own, and the burden shifted to Yonkman to demonstrate the existence of a genuine issue of material fact for trial. See *Quinto*, 451 Mich at 362.

In response to JP Morgan's motion for summary disposition, Yonkman presented only her own affidavit, in which she stated that her mortgage was executed at closing on June 14, 2007, and that any references to June 22, 2007, were typographical errors. In my opinion, Yonkman's mere bald assertions, without more, were insufficient to give rise to a genuine issue of material fact for trial. See *Bennett v Detroit Police Chief*, 274 Mich App 307, 318; 732 NW2d 164 (2006) ("[T]he nonmoving party may not rely on mere allegations or denials, but must set forth specific facts that show that a genuine issue of material fact exists."). Therefore, I would affirm the trial court's order granting summary disposition in favor of JP Morgan.


/s/ Michael F. Gadola