*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CASSANDRA E. MATHEWS,

        Plaintiff-Appellant,

v

DARWYN T. OLDHAM,

        Defendant-Appellee.

UNPUBLISHED
March 19, 2025
9:11 AM

No. 367766
Wayne Circuit Court
LC No. 23-001045-CH

Before: YOUNG, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff alleged that defendant fraudulently obtained ownership of her property. After an evidentiary hearing, the trial court denied plaintiff's motions for a preliminary injunction and declaratory relief and dismissed her complaint to quiet title. We affirm.

Plaintiff is defendant's aunt. Mary Mathews, who died in 1984, was plaintiff's mother and defendant's grandmother. Doris Oldham, who died in 2022, was defendant's mother and plaintiff's sister.

In 1983, plaintiff and Mary purchased a home. In 1984, Mary purportedly conveyed her interest in the home to Doris by quitclaim deed. Plaintiff claimed in the trial court to have lived in the home until 1989, at which point she went to a treatment center and then returned to live with Doris through the 1990s and into the 2000s. Defendant claimed to have lived with Doris in the house since 1989, when plaintiff deeded her interest in the home to Doris, and Doris evicted plaintiff.

A 1989 quitclaim deed shows that plaintiff conveyed her interest in the house to Doris. Finally, by a quitclaim deed executed in March 2022, a few months before Doris died, Doris conveyed her interest in the house to herself and defendant as joint tenants with full rights of survivorship. In January 2023, plaintiff sued for quiet title and later moved for a preliminary injunction and declaratory relief.

The trial court held a two-day hearing, during which both parties acted pro se. Their testimonies differed significantly. Plaintiff asserted that Doris forged the 1984 deed, that the 1989

-1-

deed was also forged, and that plaintiff never deeded her interest in the house to Doris. Plaintiff denied being evicted. Plaintiff contended that defendant forged Doris's name on the 2002 deed, especially considering that Doris was purportedly suffering from dementia at the time. In support of her forgery allegations, plaintiff relied on the opinion of a forensic document examiner (FDE), who opined in a report that the 1984, 1989, and 2022 quitclaim deeds had been forged. The FDE did not appear for the second day of the hearing and did not testify.

The trial court ruled from the bench in favor of defendant. The trial court found that plaintiff had "made some pretty strong allegations," but did not support them. The trial court denied plaintiff's motions and dismissed the case.

Plaintiff now appeals.

"Actions to quiet title are equitable in nature and are reviewed by this Court de novo." *Mich Nat'l Bank & Trust Co v Morren*, 194 Mich App 407, 410; 487 NW2d 784 (1992). We review for clear error the trial court's factual findings. *Id*. We review for an abuse of discretion a trial court's decision whether to grant or deny declaratory relief. *Reed-Pratt v Detroit City Clerk*, 339 Mich App 510, 516; 984 NW2d 794 (2021). This Court gives due regard to a trial court's ability to judge the credibility of witnesses who appeared before it. *In re Clark Estate*, 237 Mich App 387, 395-396; 603 NW2d 290 (1999).

Initially, plaintiff argues that the trial court's factual findings were erroneous. Plaintiff specifically argues that the trial court erred by failing to consider the FDE's opinion. The trial court did not ultimately determine whether the FDE could testify as an expert witness. Instead, the FDE was not present on the second day of the hearing. Regardless, the trial court noted that it had read and considered all of the documents filed in the case, which included the FDE's report opining that the quitclaim deeds were fraudulent, even if they were of doubtful admissibility without the FDE's testimony establishing their reliability. Plaintiff fails to demonstrate why the FDE should have been recognized as a handwriting expert. "When an appellant fails to dispute the basis of a lower court's ruling, we need not even consider granting the relief being sought by the appellant." *Denhof v Challa*, 311 Mich App 499, 521; 876 NW2d 266 (2015). Moreover, a trial court need not defer to an expert's opinion, but instead should give it the weight that the trial court deems appropriate within its scope of discretion. See *Mitchell v Kalamazoo Anesthesiology, PC*, 321 Mich App 144, 156; 908 NW2d 319 (2017).

Ultimately, plaintiff argues that the trial court erred by dismissing her claims when defendant and Doris conspired to steal the property from plaintiff. A plaintiff bears "the initial burden of establishing a prima facie case of title." *Special Prop VI LLC v Woodruff*, 273 Mich App 586, 590; 730 NW2d 753 (2007). If a plaintiff meets this burden, then the defendant must demonstrate that he holds superior right or title. *Beulah Hoagland Appleton Trust v Emmet Co Rd Comm*, 236 Mich App 546, 550; 600 NW2d 698 (1999). Establishing that a signature was forged requires proof by clear and convincing evidence. *Miller v Davis*, 146 Mich 719, 722; 105 NW 141 (1905). Although the burden of proof rests with the party asserting the forgery, *Hi-Way Motor Co v Int'l Harvester Co*, 398 Mich 330, 336; 247 NW2d 813 (1976), fraud may be established by circumstantial evidence, *Foodland Distrib v Al-Naimi*, 220 Mich App 453, 458; 559 NW2d 379 (1996).

Plaintiff asserted that she did not sign the 1989 quitclaim deed that transferred her interest in the property to Doris, and there was evidence that Doris suffered from dementia around the time of the 2022 quitclaim deed. The trial court did not, however, clearly err by finding that plaintiff failed to establish fraud when the quitclaim deeds evidenced the transfer of property ownership. The parties gave differing testimony, and it was within the proper scope of the trial court's discretion for it to give more weight to defendant's testimony than plaintiff's testimony.

Finally, plaintiff argues that the trial court failed to uphold article 1, § 19 of the 1835 Michigan Constitution by allowing defendant to remain in possession of real property taken by fraud. Plaintiff did not raise a constitutional takings argument in the lower court, and, accordingly, we need not consider it. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 294; 14 NW3d 472 (2023). The 1835 Michigan Constitution no longer governs, but, regardless, plaintiff has not alleged nor demonstrated a taking of property for public use. Likewise, plaintiff argues that the trial court violated her rights by disregarding several statutes. The trial court, however, properly held a hearing and did not clearly err by finding that plaintiff failed to demonstrate that the deeds were fraudulent.

Affirmed.

/s/ Adrienne N. Young
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle